In re BUCHANAN, Steven Carroll and Buchanan, Lorette Anne, Debtors.

Bankruptcy No. 91-04016-7.

United States Bankruptcy Court, D. Idaho.

April 23, 1992.

Rodney T. Buttars, Buttars Law Offices, Chartered, Boise, Idaho, for debtors.

Barry Peters, Hamlin & Sasser, Boise, Idaho, for trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The chapter 7 trustee objects to the debtors' claimed exemption of an earned income tax credit.

The debtors' chapter 7 petition and schedules, filed on December 20, 1991, did not claim the exemption. On March 2, 1992 debtors filed an amended Schedule C, "Property Claimed as Exempt" claiming the tax credit in the amount of $1,000.00. The credit arises in the form of, and as part of, a 1991 income tax refund.

The trustee contends the amendment was not timely filed under the provisions of F.R.B.P. 1007(h). This rule requires the supplemental schedule be filed "... ten days after the information comes to the debtor's knowledge ...".

The debtors' claim the earned income tax credit portion of the refund is not property of the estate; therefore the provisions of F.R.B.P. 1007(h) are not applicable since, if not property of the chapter 7 estate, the credit belongs to the debtors and there is no need to claim the property as exempt.

The United States Supreme Court held in *Segal v. Rochelle*[1] a company's right to a loss-carry back refund was property of the bankruptcy estate. The Court found the refund to be "sufficiently rooted in the pre-bankruptcy past"[2] to be regarded as property of the estate. The Court also relied on *Segal* in its holding in *Kokoszka v. Belford*[3] an income tax refund is property

that passes to the trustee upon the filing of a petition. Both *Segal* and *Kokoszka* were decided under the prior Bankruptcy Act. The legislative history of § 541 of the current code states "The result of *Segal v. Rochelle*, 382 U.S. 375 (1966) [86 S.Ct. 511, 15 L.Ed.2d 428], is followed, and the right to a refund is property of the estate.[4]" *Segal* and *Kokoszka* have been followed in cases under the bankruptcy code.[5]

In support of their contention the earned income tax credit portion of the tax refund is not property of the estate, debtors cite *In re Searles*, 445 F.Supp. 749 (D.Conn. 1978), *In re Rash*, 22 B.R. 323 (Bankr. D.Kan.1982) and *In re Hurles*, 31 B.R. 179 (Bankr.Ohio 1983).

*In re Searles* was decided under the Bankruptcy Act. The court reasoned an earned income tax credit was not property of the estate since, "... what constitutes 'property' in the estate of a bankrupt must be limited by the purpose of the Bankruptcy Act ...". The Court held the earned income tax credit was not property of the estate. The opinion states:

In view of the dual purposes of the Bankruptcy Act to pay creditors and to afford the bankrupt a fresh state, *Kokoszka v. Belford*, 417 U.S. 642, 646 [94 S.Ct. 2431, 2434, 41 L.Ed.2d 374] (1974) *reh'g denied*, 419 U.S. 886 [95 S.Ct. 160, 42 L.Ed.2d 131] (1974), an asset in the hands of the bankrupt can be taken by the Trustee to pay creditors under § 70a(5) if "It is sufficiently rooted in the pre-bankruptcy past and [not sufficiently] entangled with the bankrupt's ability to make an unencumbered fresh start ..." *Segal v. Rochelle, supra*, 382 U.S. at 380, 86 S.Ct. at 515.

The Bankruptcy Court cases of *In re Rash, supra* and *In re Hurles, supra*, apparently are based on the *Searles* holding.

---

1. 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

2. *Id.* at 380, 86 S.Ct. at 515.

3. 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974).

4. S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978).

5. *Matter of Doan*, 672 F.2d 831, 833 (11th Cir. 1982).

However, under the definition of property of the estate as contained in 11 U.S.C. § 541(a), an earned income tax credit accruing to a debtor before the filing of a petition under Title 11 of the United States Code is property in which the debtor holds "... legal or equitable interests ... as of the commencement of the case." Property of the estate status ought to accrue to categories of tax refunds other than excess withholdings. It is thus concluded the earned income tax credit portion of the debtor Buchanan's tax refund is property of the chapter 7 estate.

Because the refund is found to be property of the estate, the debtor's claim of exemption must be examined.[6] We thus return to the trustee's argument.

■ The trustee argues F.R.B.P. 1007(h) applies and the debtors did not timely amend their schedules to claim the exemption. F.R.B.P. requires property acquired under Section 541(a)(5) to be included in an amended schedule within 10 days after the information of the property right becomes known by the debtor. But F.R.B.P. 1007(h) applies only to an interest in property specifically included in Section 541(a)(5). In *In re Russell*,[7] it was erroneously held Section 541(a)(5) applied to an earned income credit, a result reached without the benefit of an argument an earned income tax credit or a tax refund was not a Section 541(a)(5) post petition acquisition.

Judge Pappas has correctly held in *In re Jeanie M. Dutton*[8] an income tax refund or an earned income credit is not the kind of property included in Section 541(a)(5) and thus F.R.B.P. 1007(h) does not apply.

F.R.B.P. 1009(a) allows a debtor, after notice and hearing, with court approval, to amend his schedules at any time prior to the closing of the case. The debtors' amendment is under this rule. The debtor's amendment to the schedules was timely and the trustee has not shown any substantial prejudice to the estate if the

amendment is allowed.[9] The debtors are entitled to the earned income credit as contained in the tax refund, but the trustee is entitled to the remainder of the refund.

The trustees' objection to the claim of objection will be denied. A separate order will be entered.

---

6. This Court has allowed the exemption of the earned income credit portion of an income tax refund. *In re Jones*, 89 I.B.C.R. 289.

7. Summary Order, February 7, 1992.

8. Summary Order, April 15, 1992.

