**In re PINTLAR CORPORATION and Gulf USA Corporation, Debtors.**

**PINTLAR CORPORATION and Gulf USA Corporation, Plaintiffs,**

**v.**

**The FIDELITY AND CASUALTY COMPANY OF NEW YORK, The Continental Insurance Company, Cigna Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., David J. Rowland, Jeremy E. James,**

David L. Hudd, Derek J. Moran, Robert G. Boulton, Seymour Graubard, Hans W. Wanders, Graham F. Lacey, F. Aley Allan, Warren C. Haber, David Kirch, Lawrence R. Mehl, John W. Herring, and Anthony Walters, Defendants.

**Bankruptcy Nos. 93–02986, 93–02987. Adv. No. 94–6291.**

United States Bankruptcy Court, D. Idaho.

March 24, 1995.

John Friedman, Jr., Dewey Ballantine, New York City, for plaintiffs Pintlar Corp. and Gulf USA Corp.

Peter C. Erbland, Paine, Hamblen, Coffin, Brook & Miller, Coeur d'Alene, ID, and Michael S. Wakefield, Arnall, Golden & Gregory, Atlanta, GA, for defendant Cigna Ins. Co.

Robert J. Fasnacht, Wetzel & Fasnacht, Coeur d'Alene, ID, and Sherri Tappert, Arter & Hadden, Los Angeles, CA, for defendant Fidelity and Cas. Co. of New York.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

Cigna Insurance Company moves to dismiss the debtors' complaint for lack of subject matter jurisdiction.

### BACKGROUND

In January of 1994, Gulf USA Corporation ("Gulf") brought an adversary proceeding against certain of their officers and directors for breach of fiduciary duty, corporate waste, and preferential and fraudulent transfers. *See Gulf USA Corporation v. David J. Rowland, et al.,* Adv. No. 94–6016 (the "Adversary Proceeding").

In April of 1994 the insurers commenced an action against the former officers and directors seeking a declaratory judgment that the "insured versus insured" exclusion to the insurance policies issued to the debtors precludes the former officers and directors from any coverage in the Adversary Proceeding. *See Fidelity and Casualty Company of New York v. David J. Rowland,* Court of Chancery of the State of Delaware in and for New Castle County, Civil No. 13442 (the "Delaware Action"). Cigna Insurance Company ("Cigna") intervened the declaratory action.

In July of 1994, the debtors, Gulf and Pintlar Corporation ("Pintlar"), filed this adversary proceeding against the insurers seeking a declaratory judgment that the insurance policies at issue in the Delaware Action do indeed provide coverage to the former officers and directors in connection with the Adversary Proceeding.

On November 30, 1994, the debtors filed an amended complaint in the Adversary Proceeding. The amended complaint accomplishes two purposes. First, it adds a number of causes of action against the defendant officers and directors and alleges in more detail than contained in the original allegations. Second, the amended complaint alleges the debtors have conditionally transferred the causes of action alleged in the amended complaint to a trust to be administered on behalf of the debtors' creditors. In this regard paragraph 3 of the amended complaint states:

"On November 17, 1994, subject to approval of the Bankruptcy Court, the Debtors-in-Possession transferred the claims asserted herein (the "Litigation Claims") to a trust formed under the laws of, and resident in, the State of Idaho. The Trust was organized for the purposes of (a) prosecution and enforcement of the specified Litigation Claims on behalf, and for the sole benefit, of certain of Gulf's and Pintlar's creditors (the "Beneficiaries") to be designated in the Debtors in Possession's plan of reorganization and not, in any event, for the benefit of Gulf or Pintlar or any affiliate, (b) payment of the fees and expenses as created therewith, and (c) distribution of the proceeds of such Litigation Claims and any other Trust property to the Beneficiaries."

In paragraph 12 of the amended complaint the debtors state that in the event the creation of the trust is not approved by the bankruptcy, references in the amended complaint to the "Trustee" shall include Gulf and Pintlar.

Because the transfer of the claims to the trust has not been subject to court approval, the transfer is not yet effective.

Cigna, Fidelity and Casualty Company of New York ("Fidelity"), and Continental Insurance Company ("Continental") filed a motion to dismiss the present declaratory action on the grounds they have not denied coverage under the amended complaint and therefore the present action is moot. The motions to dismiss focused on the ambiguity created by the conditional transfer of the Debtors causes of action. The insurance companies contend because the claims would if transferred be brought by an entity other than Gulf, the "insured versus insured" exception

to the policies might not apply if the claims where transferred to the trust.

Subsequently, Fidelity and Continental denied coverage under the amended complaint, and thus these two companies have withdrawn their motions to dismiss. A stipulated order to that effect was entered on March 17, 1995. However, Cigna has neither determined whether it will grant coverage under the amended complaint nor withdrawn its motion to dismiss. Nor has Cigna requested dismissal from the declaratory action against the officers and directors of Gulf.

## DISCUSSION

■ Article III of the Constitution denies federal courts the power, "to decide questions that cannot affect the rights of litigants in the case before them." *Lewis v. Continental Bank Corporation*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). Consequently, "jurisdiction to award declaratory relief exists only in a case of actual controversy." *American States Insurance Company v. Kearns*, 15 F.3d 142, 143 (9th Cir.1994), *citing Wickland Oil Terminals v. ASARCO, Inc.*, 792 F.2d 887, 893 (9th Cir. 1986).

Declaratory suits to determine the scope of insurance coverage are often brought independent of the underlying claims, "albeit the exact sums to which the insurer may be liable to indemnify depend on the outcome of the underlying suits." *ACandS Inc., v. The Aetna Casualty and Surety Company*, 666 F.2d 819, 823 (3rd Cir.1981). As the Ninth Circuit Court of Appeals has explained:

> The respective interests and obligations of insured and insurers, when disputed, require determination much in advance of judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement. So viewed, the controversy is then quite proper for a judicial determination now. To delay for the sake of more concrete development would prevent the litigants from shaping a settlement strategy and thereby avoiding unnecessary costs. But declaratory judgment relief was intended to avoid precisely the "accrual of avoidable damages to one not

certain of his rights." *Dewey & Almy Chemical Co. v. American Anode, Inc.*, 137 F.2d 68 (3d Cir.), *cert. denied*, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454 (1943). A determination of legal obligations would thus strongly affect present behavior, have present consequences and resolve a present dispute.

*Id.* 666 F.2d at 823.

■ Nevertheless, Cigna contends that due to the conditional transfer of the claims alleged in the Adversary Proceeding, the present action for declaratory judgment concerning insurance liability for the claims is built of a series of hypothetical situations and therefore is not "a case in controversy." Cigna first characterized this ambiguity in the complaint as causing the complaint to be moot. However, in its arguments before the Court and in its post hearing brief Cigna asserts that due to the amended complaint the present action is not ripe. In this regard the Ninth Circuit Court of Appeals has held:

> The concept of a case or controversy "implies the existence of present or possible adverse parties whose contentions are submitted to the court for adjudication." *Muskrat v. United States*, 219 U.S. 346, 357, 31 S.Ct. 250, 254, 55 L.Ed. 246 (1911) (quoting *In re Pacific Ry. Comm'n*, 32 F. 241, 255 (C.C.Cal.1887)). A justiciable controversy is definite, concrete, real, and substantial; it is subject to specific relief. *Aetna Life. Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937). A controversy is not justiciable if it is hypothetical abstract, academic, or moot. *Id.* at 240, 57 S.Ct. at 463. If the relief available would be "an opinion advising what the law would be upon a hypothetical state of facts," the controversy is not justiciable. *Id.* at 241, 57 S.Ct. at 464.

*Campbell v. Wood*, 18 F.3d 662, 680 (9th Cir.1994).

Cigna contends the present action for declaratory judgment is hypothetical because it requires the court to determine whether there would be insurance coverage in the event Gulf transfers its claims to the trust. It is true the amended complaint as currently

stated presents an either or situation—either Gulf will retain and bring the claims, or Gulf will transfer the claims and the court approved trustee will bring the claims. However, many complaints present alternative and even contradictory basis for relief. Nevertheless, as discussed by the *ACandS Inc.* court these albeit, undetermined, causes of action affect the parties present rights. If transfer of the claims would effect coverage, than that fact should be taken into consideration by the creditors, the court and Gulf when determining whether the claim should be transferred. Such a determination will also affect the settlement strategies of the parties to the Adversary Proceeding.

Further, Gulf has not yet transferred its claims to the trustee. Therefore, the causes of action in the amended complaint are currently brought by Gulf and Pintlar. Whether Cigna is liable for coverage under these current factual conditions is not hypothetical. In the event the court does approve transfer of the claims to the trustee, then the issue of whether Cigna would be liable if Gulf retained the claims would become moot. That the acts of the court or the parties may render this determination moot in the future, does not cause the determination to be made at the present time. "Mootness is caused by an act, not by the apprehension of a potential act." *Campbell v. Wood,* 18 F.3d 662, 680 (9th Cir.1994). If the fact Gulf could transfer its claims against its former officers and directors to a third party rendered this proceeding moot, then virtually all declaratory actions for determination of the scope of an insurance policy would be moot because virtually all claims can be transferred. Therefore the fact Gulf is contemplating transfer of its claims does not render the present action moot or prevent the case from becoming ripe.

If Gulf does transfer the claims, and based upon such transfer Cigna acknowledges the claims are within the scope of the insurance policy, the present action will be moot. However, because Gulf is presently pursuing the claims in its own name and Cigna has refused to grant coverage, the present action to determine coverage of the claims is ripe.

Lastly, the Court notes the potential transfer of the claims is unlikely to effect the availability of coverage as the legal theory, the injured party, and facts underlying the claims will remain the same, it is only title to the claims which will change. Indeed, if this were not the case, an "insured versus insured" policy exception could always be avoided by the simple expedient of selling the claims to third party.

A separate order will be entered.