**In re Tammy Sue WHITMER, Debtor.**

**Bankruptcy No. 5–97–01805.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

July 28, 1998.

Dabney Overton, Jr., Harrisonburg, VA, for Debtor.

Dale A. Davenport, Harrisonburg, VA, for Trustee.

## DECISIONS AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the Court is the Trustee's Motion Compelling Debtor to Turn Over Property of the Estate, to which the Debtor filed a response. A hearing was held on the motion for turnover on April 30, 1998, in Harrisonburg. In attendance were Dabney Overton, Jr., Esquire, counsel for the Debtor, and Dale A. Davenport, Esquire, counsel for the Trustee. The Court heard oral argument from both parties on the issue of whether the Debtor's federal income tax refund and earned income credit (EIC) are property of the estate.[1] The Court took the matter under advisement and directed that the parties submit memorandums of law in support of their positions. The memorandums of law have been submitted, and the matter is ripe for decision. The Court has considered the motion and response, the parties' positions, and their memorandums of law. For reasons stated in this Decision and Order, the Trustee's motion for turnover shall be granted.

### Facts

The Debtor filed her chapter 7 petition on November 18, 1997. The Debtor received an income tax refund for tax year 1997 in the approximate amount of $2,700.00, which refund was comprised both of a return of withheld wages and an EIC.

### Discussion and Conclusions of Law

The issue before the Court is whether the Debtor's federal tax refund and EIC are property of the estate pursuant to § 541 of the Bankruptcy Code.[2] If they are property of the estate, then they would be subject to turnover pursuant to § 542.[3] Section 541 provides as follows:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of this case.

*In re Davis*, 136 B.R. 203, 205 (Bankr.S.D.Iowa 1991).

---

1. The Trustee's motion for turnover also requested that the Debtor turn over her 1997 state tax refund. At the hearing, Debtor's counsel represented that the Debtor did not receive any refund of state taxes for the 1997 tax year.

2. An EIC
   is a refundable tax credit provided for low income workers.... The credit is based on earned income which includes wages, salaries, and other employee compensation, plus earnings from self-employment. *See* 26 U.S.C. § 32 (1988). The earned income credit is a refundable credit that is treated as a payment of tax. The credit is refunded as if it were part of a tax overpayment.

3. Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 522(a).

■ It is well-established that an income tax refund is property that passes to the Trustee upon the filing of a petition. *See Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). The reasoning in *Kokoszka*, which relies on *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), is that such a refund is "sufficiently rooted in the pre-bankruptcy past" of the debtor to be regarded as property of the estate. *Segal*, 382 U.S. at 380, 86 S.Ct. 511. The legislative history of § 541 provides that the result of *Segal* is followed in the Bankruptcy Code and that the right to a refund is property of the estate. S.Rep. No. 95–989, at 82 (1978). Accordingly, the Debtor's 1997 federal tax refund, pro-rated to the date of the filing of her petition, is part of the estate and is subject to turnover.

■ The question of whether EICs are property of the estate is a newer question, but the answer is no less clear. The Trustee contends that § 541 and relevant case law support finding that the Debtor's EIC is property of the estate. The Debtor contends that the EIC does not fall within the scope of § 541 because the Debtor's 1997 tax return was not, and could not have been, filed as of the petition date. As a result, the credit would not have been property of the Debtor and, thereby, cannot be property of the estate. In addition, the Debtor contends that it is illogical for Congress to have intended that a credit intended for people with limited income be taken away when they file for bankruptcy, a time when they may most need the credit.

While courts initially found that EICs are not property of the estate, recent cases hold that EICs are property of the estate.[4] The memorandums in the case at bar devote much of their discussion to *Goertz*. In that case, the debtor filed her petition on March 4, 1996. At the time she filed her petition, the debtor already had filed a tax return

seeking the EIC. On April 22, 1996, she amended her schedules to include and claimed as exempt a tax refund of $2,600.00, which included an EIC. The Court in *Goertz* stated that "Debtor's interest in the earned income credit at the time the bankruptcy case was commenced renders the credit property of the estate under § 541(a)."

The Debtor argues that the *Goertz* ruling is based entirely on the sequence of events: first filing the tax return and later filing the bankruptcy petition. The Debtor further argues that because of the sequence in *Goertz*, the case somehow stands for the proposition that when the reverse sequence is the case (the petition is filed in the year prior to the year that the tax return is filed) then the EIC is not property of the estate. However, no such indication of this is given in *Goertz*. In fact, *Goertz* should not be relied on in this case because it does not address the situation in which the petition was filed prior to the tax return. Furthermore, there are other decisions, which state that the estate includes an EIC even when a petition is filed in one year and in the following year a tax return is filed based on the year in which the petition was filed. *See Montgomery; George; Buchanan* (all finding that EIC is property of the estate when the petition is filed one year and the tax return for the petition year is filed the following year). These cases are more on point for the case at bar and will be followed.

The Debtor also takes the position that "until the Return is filed the right to the credit does not exist; the right to file and claim it does." Debtor's Memorandum at 1. That argument is unsuccessful for two reasons. First, it too runs counter to the current case law holding that EICs even from tax returns filed subsequently to the filing of the petition are property of the estate. Second, pursuant to § 541(a)(1), all legal or equitable interests of the Debtor in property as of the commencement of the case become property of the estate. If the Debtor had a

---

4. *See In re Searles*, 445 F.Supp. 749 (D.Conn. 1978); *In re Hurles*, 31 B.R. 179 (Bankr. S.D.Ohio 1983) (both finding that EICs are not property of the estate). *See In re Brockhouse*, 220 B.R. 623 (Bankr.S.D.Ill.1998); *In re Montgomery*, 219 B.R. 913 (10th Cir. BAP 1998); *In re Barnett*, 214 B.R. 632 (Bankr.W.D.Okla.1997); *In re Fraire*, Nos. 96–1241–JTM, 96–1242–JTM, 96–1243–JTM, 96–1244–JTM, 96–1245–JTM, 96–1246–JTM, 1997 WL 45465 (D.Kan. January 2, 1997); *In re Goertz*, 202 B.R. 614 (Bankr. W.D.Mo.1996); *In re George*, 199 B.R. 60 (Bankr. N.D.Okla.1996); *In re Buchanan;* 139 B.R. 721 (Bankr.D.Idaho 1992); *In re Davis*, 136 B.R. 203 (Bankr.S.D.Iowa 1991) (all finding that EICs are property of the estate).

right to file and claim the EIC as of the date of the filing of her petition, that right became property of the estate. That right has a value equal to the EIC that filing of the claim generates pro-rated to the date of the filing of the petition, November 18, 1997.[5]

■ Finally, there is no authority for the Debtor's contention that Congress did not intend to give a benefit (the EIC) and then take it away under chapter 7 of Title 11. *Davis* shows that § 541 was intended to cover even property needed by the Debtor to ensure a fresh start:

> This Court is persuaded that an earned income credit constitutes property of the estate. Section 541(a)(1) was intended to be broad in scope and it encompasses property needed by a debtor to ensure a "fresh start." ... If an individual meets the eligibility requirements set forth in 26 U.S.C. § 32, he or she may file a tax return in order to recover the earned income credit and in some cases may seek advance payment of the credit. The debtor clearly has an interest in the credit and it is property of the estate. Sec. 541(a)(1).

*Davis*, 136 B.R. at 205. Further support is found in the legislative history of § 541(a)(1): that section's broad scope is intended to encompass "all kinds of property, including tangible or intangible property, causes of action ... and all other forms of property specified in section 70a of the Bankruptcy Act.... [I]t includes as property of the estate all property of the debtor, even that needed for a fresh start." H.R.Rep. No. 95–595, at 367 (1977). The fresh start for the Debtor is generated by the Code provisions that permit the Debtor to exclude property as property of the estate, 11 U.S.C. § 522, and the granting of the discharge, 11 U.S.C. §§ 727 and 524.

*Conclusion*

An EIC becomes property of the estate upon the filing of the petition. Accordingly,

the Debtor's 1997 EIC, pro-rated to the date of filing of her petition, is part of the estate and is subject to turnover. For the reasons stated in this Decision and Order, the Debtor's federal tax refund and earned income credit for the 1997 tax year are property of the estate. Accordingly, it is

ORDERED:

That the Trustee's Motion Compelling Debtor to Turn Over Property of the Estate be, and hereby is, GRANTED. The Debtor shall turn over to the Trustee the amount of her 1997 federal tax refund and earned income credit, both of which shall be pro-rated from January 1, 1997, to the date of filing of the Debtor's petition, November 18, 1997.

Copies of this order are directed to be sent to Dabney Overton, Jr., Esquire, 306 NationsBank Building, 57 South Main Street, Harrisonburg, Virginia 22801; and to Dale A. Davenport, Esquire, 342 South Main Street, Harrisonburg, Virginia 22801.

---

**5.** For disbursement purposes, the amount that the EIC exceeds tax liability is defined as an overpayment of income taxes, thus providing for payment of EIC through the income tax refund process. *Fraire*, 1997 WL at *2 (citing 26 U.S.C. §§ 6401(b) and 6402); *Sorenson v. Secretary of the Treasury*, 475 U.S. 851, 859, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986); *Davis*, 136 B.R. at 205.

Only that portion of a refund that is attributable to the pre-petition period is property included in the estate. *In re Rash*, 22 B.R. 323 (Bankr. D.Kan.1982). To determine the amount of a refund that is property of the estate, a pro-ration "solely on the basis of the number of calendar days before and after the petition" is the method used. *Rash*, 22 B.R. at 325–326.