**In re Kimberly Y. GARRETT, Debtor.**

**Bankruptcy No. 98–10672 B.**

United States Bankruptcy Court, W.D. New York.

Sept. 21, 1998.

Penney, Maier, Wallach & Crowe, Mark S. Wallach, of counsel, Buffalo, New York, for Trustee.

Michael Likoudis, John Paul Luhr, of counsel, Buffalo, New York, for debtor.

CARL L. BUCKI, Bankruptcy Judge.

In this Chapter 7 proceeding, the case trustee has moved to compel the turnover of certain income tax refunds to which the debtor has claimed an exemption. At issue is the status of refunds that derive not from an overpayment of income taxes, but by reason of credits for earned income, child care expenses, and real property taxes.

Kimberly Y. Garrett, the debtor herein, filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 3, 1998. A person of modest means, Ms. Garrett has secured pro-bono representation through the Volunteer Lawyers Project of the Erie County Bar Association. In her schedules, she reported a net "take home" pay of only $368.33 per month. At the time of her bankruptcy filing, Ms. Garrett anticipated tax refunds of approximately $500, and claimed this amount as exempt. When she thereafter completed her income tax returns for 1997, however, Kimberly Garrett ascertained that she would receive a federal refund of $3,170 and a state refund of $967. Debtor's counsel asserts that all of the federal refund is attributable to an earned income credit that the government has made available for low-income individuals. Altogether during 1997, Ms. Garrett's employer withheld only $7.33 for payment of New York State income taxes. Her state refund consists of a return of that withholding, together with a real property tax credit of $61, a dependent and child care credit of $265, and a New York State earned income credit of $634.

Section 521 of the Bankruptcy Code commands that if a trustee is serving in a case, the debtor shall "surrender to the trustee all property of the estate." The current dispute, therefore, presents only two issues. First, does "property of the estate" include the payments due from New York State and from the Internal Revenue Service? Second, if they constitute such property, are these assets otherwise exempt from administration?

The Bankruptcy Code gives extremely broad definition to property of the estate. Section 541 provides that with certain narrow exceptions that are not here applicable, a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1) (West 1998). Thus, the estate of Kimberly Garrett must include her interest in tax refunds, whether those refunds are based upon excessive withholdings or upon an entitlement to payment of allowable credits. Ms. Garrett's counsel properly directs the Court's attention to a contrary decision in *In re Searles*, 445 F.Supp. 749 (D.Del.1978). The debtor in that case, however, filed her petition under the Bankruptcy Act, which applied a completely different definition of property. *See* 11 U.S.C.A. § 110(a)(5) (West 1953). In contrast, the broad language of section 541 demonstrates the intent of Congress to include comprehensively within the debtor's estate all property interests, whether legal or equitable.

With the tax refunds being property of the debtor's estate, the remaining issue is whether these assets might be exempt from administration. Section 522(b) of the Bankruptcy Code establishes the general rule that "an individual debtor may exempt" certain designated assets from property of the estate. This subdivision further allows to each state the option to mandate use of its own list of exemptible assets. Pursuant to New York Debtor and Creditor Law § 282, the State of New York has exercised this option. As a New York resident, Kimberly Garrett is generally limited to those exemptions that the New York statute has enumerated. The trustee concedes that Debtor and Creditor Law § 283 sub. 2 will in this instance allow a cash exemption in the amount of $2,500, and that the statute specifically defines cash to include income tax refunds. To the extent that the tax refunds exceed $2,500, however, the trustee seeks to compel a turnover.

Debtor's counsel argues that the moneys due from the federal and state governments are not truly income tax refunds but a payment of earned income and other credits. Such a distinction is without consequence. The fundamental precept of 11 U.S.C.A. § 521 is that a debtor must surrender all property of the estate, unless it is the

subject of an exemption. Whether the refunds are true refunds or some other entitlement, the debtor must identify a specific exemption that would apply to this asset. *See Kokoszka v. Belford,* 417 U.S. 642, 649, 94 S.Ct. 2431, 2435, 41 L.Ed.2d 374 (1974).

 The debtor urges the application of New York Debtor and Creditor Law § 282, which grants an exemption to the debtor's interest in "a social security benefit, unemployment compensation or a local public assistance benefit." N.Y. DEBT. & CRED.LAW § 282 sub. 2(a) (McKinney Supp.1998). Although they may serve a similar purpose, the tax credits at issue are simply not included within this list of designated benefits. More specifically, Ms. Garrett's tax refunds do not derive as a benefit under the Social Security Act; they do not arise by reason of any unemployment; they are payable from federal and state tax agencies, not from any local governmental unit.

New York law allows a cash exemption for the greater of either the unused limit of the personal property exemptions or $2,500, but only in those instances in which the debtor makes no claim to exempt a homestead. N.Y. DEBT. & CRED. LAW, § 283 sub. 2 McKinney (1990). Like other tax refunds, the questioned payments are the essential equivalent of cash, and therefore exempt in this instance for the amount of $2,500. Further than this, the debtor has identified no other statutory basis for an exemption.

■ The debtor argues that the earned income and child and dependent care credits were designed as benefits for poverty relief, and should therefore be exempt. Exemptions, however, are purely creatures of statute. No matter how strong may be the equitable considerations that support the creation of an exemption, this Court has no authority to enlarge the legislature's designation.

Kimberly Y. Garrett shall turn over to the trustee the sum of $1,637, that being the portion of her tax refunds that exceeds the allowable cash exemption. To assure compliance with the Court's directive, the Trustee may object to the debtor's discharge until such time as the debtor shall have paid this sum in full.

So Ordered.