In re Scott A. **FERNS** and Mary E. Ferns, husband and wife, Debtors.

Bankruptcy No. 98–05697–TUC–JMM.

United States Bankruptcy Court, D. Arizona, Tucson Division.

April 20, 1999.

James L. Robinson, Jr., Tucson, AZ, for debtors.

Michael M. Neal, Tucson, AZ, for Chapter 7 Trustee.

## MEMORANDUM DECISION

JAMES M. MARLAR, Bankruptcy Judge.

### 1. Overview

The court must determine whether an earned income credit ("EIC") against federal income tax is property of the bankruptcy estate. Scott and Mary Ferns ("Debtors") excluded their 1998 EIC refund from their listing of personal property on the bankruptcy schedules. The Chapter 7 Trustee ("Trustee") moved the court to determine that the EIC is property of the bankruptcy estate, and for turnover.[1]

The EIC is available to low income workers through federal legislation, and is codified in the Internal Revenue Code ("IRC") at 26 U.S.C. § 32. Eligibility for the EIC is not contingent upon owing income tax. Nevertheless, the EIC is calculated as a percentage of the recipient's earned income, and is defined and refunded by the IRC as a tax "overpayment." 26 U.S.C. § 6401(b), § 6402.

Several courts, mostly from other jurisdictions, have addressed the issue of whether the EIC portion of a tax refund is property of the bankruptcy estate. The majority of these opinions determine that the EIC is property of the estate, although it may be exempt under state law. The court, having considered the parties' pleadings, oral argument, and the law, now issues its under-advisement ruling and separate judgment, determining that Debtors' EIC refund is property of the estate, and shall be turned over to Trustee, along with the 1998 federal and state tax refunds.

### 2. Facts and Proceedings

Scott and Mary Ferns ("Debtors") filed a voluntary chapter 7 petition on December 23, 1998. After the petition was filed, Debtors filed their 1998 federal and state income tax returns. On the returns, Debtors claimed they were owed 1998 state and federal income tax refunds, as well as a 1998 earned income credit refund in the amount of $2,237.00.

Debtors' original bankruptcy schedules and statements did not indicate either a property interest, or a valid exemption claim, in any tax refunds. Rather, Debtors stated that the property was "[e]xcluded from the bankruptcy estate pursuant to Federal Bankruptcy Statute Sec. 541." See Debtors' Schedules B and C. Debtors have not amended their schedules to add the refunds or to claim an exemption under Arizona law in the refunds.

On February 24, 1999, Trustee filed a motion for an order directing Debtors to turn over the tax refunds and the EIC as property of the estate. Debtors opposed the motion only as to Trustee's demand for turnover of the EIC. Trustee filed a reply brief.

A hearing took place on March 22, 1999. Debtors were represented by James L.

---

1. This disposition, based on the pleadings and the record, does not include the issue of whether the EIC is exempt property under Arizona's exemption statutes.

Robinson, Jr. Trustee was represented by Michael M. Neal.

### 3. 11 U.S.C. § 541, the EIC and the Parties' Positions

█ 11 U.S.C. § 541(a)(1) provides that commencement of a bankruptcy case creates an estate which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." It is well established that income tax refunds are part of the bankruptcy estate. *See Kokoszka v. Belford,* 417 U.S. 642, 652, 94 S.Ct. 2431, 2437, 41 L.Ed.2d 374 (1974); *In re Feiler,* 230 B.R. 164, 168 (9th Cir. BAP 1999) (citing *Segal v. Rochelle,* 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)).

Debtors oppose the turnover of their 1998 EIC refund. They present a policy argument that the EIC is a welfare benefit and was not intended by Congress to be property of the estate, which is distributable to creditors. The goal of Debtors' "fresh start" would be frustrated by the seizure of this property from Debtors and their children for the benefit of credit card companies, for example, Debtors contend. In addition, Debtors contend that, traditionally, bankruptcy courts in the District of Arizona have allowed debtors to keep the EIC and exclude it from the bankruptcy estate.

Trustee contends that the majority of bankruptcy courts have held that like tax refunds, the EIC is property of the estate. Many of these cases follow the reasoning of a nonbankruptcy Ninth Circuit case, which was affirmed by the Supreme Court, *Sorenson v. Secretary of Treasury,* 752 F.2d 1433 (9th Cir.1985), *aff'd,* 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986).

Congress enacted the EIC in 1975 "to reduce the disincentive to work caused by the imposition of social security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices." *Sorenson v. Secretary of Treasury,* 475 U.S. 851, 854, 106 S.Ct. 1600, 1608, 89 L.Ed.2d 855 (1986); 26 U.S.C. § 32. The EIC was "designed to provide relief to low income families who pay little or no income tax, and it was intended to provide an incentive for low income people to work rather than to receive federal assistance." *Rucker v. Secretary of Treasury,* 751 F.2d 351, 356 (10th Cir.1984).

The EIC is not necessarily a refund of taxes paid, because eligibility for the credit is not contingent upon payment of any federal income tax. *Id.* Thus, the credit may be claimed even if no income tax is owed. Nevertheless, the IRC classifies the EIC as an "overpayment," and to the extent an excess EIC is payable to an individual, it is payable as if it were a refund of tax paid. *Sorenson,* 475 U.S. at 863, 106 S.Ct. at 1608; 26 U.S.C. §§ 6401(b), 6402.

In *Sorenson,* the plaintiff/taxpayer sought a declaratory judgment in District Court declaring that the EIC payments were not subject to the federal intercept program, under which tax refunds owed to parents with delinquent child support obligations are transferred to the states as reimbursement for support paid under the states' Aid to Families with Dependent Children programs.

The Ninth Circuit Court of Appeals affirmed the District Court's denial of the refund to the taxpayer. The Court of Appeals opined that because the IRC classifies an EIC as a tax overpayment, the method by which the EIC is paid is the same mechanism used for the refund of federal taxes paid. *Sorenson,* 752 F.2d at 1441. Since the federal laws governing the intercept program provided that "any" amounts payable as refunds of federal taxes could be retained and transferred, and did not make an exception for the EIC, the Court of Appeals held that the EIC refund could be intercepted. *Id.* at 1443–44. On appeal, the Supreme Court agreed with the appellate court's reasoning that the

EIC is governed by the general IRC provision that authorizes all tax refunds, and that all such refunds were subject to the intercept program. *Sorenson*, 475 U.S. at 859, 106 S.Ct. at 1606. After discussing the competing social policies of the EIC program and the child support program, the Supreme Court held that "[t]he refundability of the earned-income credit is ... inseparable from its classification as an overpayment of tax." *Id.*

Debtors point out that the *Sorenson* Court found the goals of both social programs to be equally compelling.[2] Debtors contend that the instant facts do not involve competing welfare interests as in *Sorenson*, but only large-lender interests competing with Debtors' welfare interests. However, the court cannot ignore the dispositive rulings concerning the nature of the EIC as a refund of an overpayment of tax to an individual who "is considered to be the person who paid it." *Sorenson*, 752 F.2d at 1442–43.

In addition, the Supreme Court did not question another rationale of the Court of Appeals—that the legislative history of the EIC "did not suggest that the earned-income credit was intended *primarily* as a type of welfare grant; rather ... [s]ince the earned-income credit was payable as a lump sum, it was more like excess withholding ... than it was like wages." *Sorenson*, 475 U.S. at 858, 106 S.Ct. at 1605–06 (citing *Sorenson*, 752 F.2d at 1443 n. 1) (emphasis added). "Wages" has an element of periodicity and a critical relationship to a person's subsistence, unlike a lump sum tax return. *See Usery v. First Nat'l Bank of Arizona*, 586 F.2d 107, 110 (9th Cir.1978). The EIC has also been described as something other than "assistance," *i.e.*, a means of helping low income people to work "rather than to receive federal assistance." *Rucker*, 751 F.2d at 356. Therefore, Debtors' focus on the

EIC as a type of welfare grant does not convince this court that the plain language of the IRC and the *Sorenson* Court's characterization of the EIC as an overpayment of tax should not apply, by analogy, under § 541 of the Bankruptcy Code.

■ There is no federal exemption for the EIC that would exclude it as property of the estate. *See In re Rutter*, 204 B.R. 57, 59 (Bankr.D.Or.1997). 11 U.S.C. § 541 is "intended to be broad and all-inclusive." *In re Bialac*, 712 F.2d 426, 430 (9th Cir. 1983). The legislative history of § 541(a)(1) shows that section's broad scope is intended to encompass even property needed by the Debtor to ensure a fresh start. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367–68 (1977), S.Rep. No. 989, 95th Cong., 2nd Sess. 82–83 (1978) (includes "all property of the debtor, even that needed for a fresh start"). The debtor's "fresh start" is preserved by the Code provisions that permit the debtor to exclude property from the estate, 11 U.S.C. § 522, and the granting of the discharge, 11 U.S.C. §§ 727 and 524. *In re Whitmer*, 228 B.R. 841, 844 (Bankr. W.D.Va.1998).

The handful of cases which have held that the EIC is not property of the estate have been influenced by the definition of estate property under the Bankruptcy Act. Under the Act, property of the estate was determined by a "completely unencumbered guiding principal" to afford the debtor a fresh start. *In re Montgomery*, 219 B.R. 913 (10th Cir. BAP 1998) (holding that "[a]ny conclusion that [EIC's] are necessary or mandatory for a 'fresh start' may be reasonably inferred under the Act, but is incorrect in light of the Code."). Debtors cite case law which predated the current § 541, particularly *In re Searles*, 445 F.Supp. 749 (D.Conn.1978), which have held that the EIC is not property of the estate under federal law because it is an

---

**2.** In fact, the IRC had been amended a few years before to protect past-due support by making it an offset against overpayments. *See* 26 U.S.C. § 6402(c), added by the Omni-

bus Budget Reconciliation Act of 1981 (OBRA), Pub.L. No. 97–35, 95 Stat. 357, 360–63 (1981).

entitlement and does not represent a return of funds withheld from the debtor's wages, *i.e.,* a tax return. *See also In re Hurles,* 31 B.R. 179, 180 (Bankr.S.D.Ohio 1983). *Searles* has been "widely rejected since the repeal of the Bankruptcy Act," and "was superseded by the enactment of § 541." *In re Johnston,* 222 B.R. 552, 554 (6th Cir. BAP 1998); *In re McCourt,* 217 B.R. 998, 1000 (Bankr.S.D.Ohio 1997).

For the aforementioned reasons, this court joins the overwhelming majority of courts which hold that the EIC is property of the bankruptcy estate. *See In re Montgomery,* 219 B.R. 913 (10th Cir. BAP 1998); *In re Johnston,* 222 B.R. 552 (6th Cir. BAP 1998); *In re Whitmer,* 228 B.R. 841 (Bankr.W.D.Va.1998); *In re Garrett,* 225 B.R. 301 (Bankr.W.D.N.Y.1998); *In re Brockhouse,* 220 B.R. 623 (Bankr.C.D.Ill. 1998); *In re Barnett,* 214 B.R. 632 (Bankr. W.D.Okla.1997); *In re Richardson,* 216 B.R. 206 (Bankr.S.D.Ohio 1997); *In re Rutter,* 204 B.R. 57 (Bankr.D.Or.1997); *In re McCourt,* 217 B.R. 998 (Bankr.S.D.Ohio 1997); *In re Goertz,* 202 B.R. 614 (Bankr. W.D.Mo.1996); *In re Beagle* 200 B.R. 595 (Bankr.N.D.Ohio 1996); *In re Kurilich,* 199 B.R. 161 (Bankr.N.D.Ohio 1996); *In re Goldsberry,* 142 B.R. 158 (Bankr.E.D.Ky. 1992); *In re Buchanan,* 139 B.R. 721 (Bankr.D.Idaho 1992); *In re Davis,* 136 B.R. 203 (Bankr.S.D.Iowa 1991); *In re Fraire,* 1997 WL 45465 (D.Kan. Jan. 2, 1997).

Several of the above-cited cases, having found the EIC to be property of the estate under federal law, also determined that the EIC was exempt property under various state exemption schemes. *See also In re Fish,* 224 B.R. 82 (Bankr.S.D.Ill.1998); *In re Brown,* 186 B.R. 224 (Bankr.W.D.Ky.

1995). This court need not reach the issue of whether there is an exemption for the EIC under Arizona law because Debtors have not formally claimed an exemption in the refund.[3]

#### 4. Estoppel Argument

 Finally, Debtors raise what can only be described as an estoppel argument, based on the perceived practice of either or both the bankruptcy trustees and the bankruptcy courts in the District of Arizona over the past 15–20 years to allow debtors to exclude the EIC portion of their income tax returns from the bankruptcy estate. This argument is without merit because Debtors have the opportunity to amend their schedules and claim an exemption in the EIC. *Fed.R.Bankr.P.* 1009(a). Thus, Debtors have not been denied any substantive rights. *In re Ellwanger,* 140 B.R. 891, 902 (Bankr. W.D.Wash.1992) (equitable estoppel requires "detrimental reliance"). *See also Buchanan,* 139 B.R. at 723 (applying Fed. R.Bankr.P. 1009(a) to allow amendment of the debtors' schedules to include an EIC).

 Other common doctrines relying on precedent are not applicable to this situation. Unpublished accounts of what other Arizona courts or trustees might have done in other cases is not relevant or binding in this case. The doctrine of *stare decisis* concerns the holdings of previous case decisions, not the rationales of those decisions. *In re Osborne,* 76 F.3d 306, 309 (9th Cir.1996). In addition, the doctrine of the law of the case is not applicable, for it provides that a court's decision on legal issues should govern the same issues in later stages of the *same case,* and applies

---

**3.** When queried at the hearing about the fact that Debtors had not claimed or argued an exemption in the refund under state law, Debtors' counsel stated his opinion that there were certain Arizona exemptions which would apply to the EIC. Debtors are entitled to amend their schedules as a matter of course at any time before the case is closed, and Trustee is to be given an opportunity to object to any claimed exemptions. Fed.

R.Bankr.P. 1009(a), 4003(b). A mere mention of possible, applicable exemption provisions at oral argument is insufficient to bring the exemption issue before the court, which is prohibited from giving advisory opinions. *See In re Pintlar Corp.,* 180 B.R. 594, 596 (Bankr.D.Idaho 1995) (jurisdiction to award relief exists only in the case of actual controversy).

only to issues decided by final judgments. *See Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983); *Lovett v. Gen'l Motors Corp.,* 975 F.2d 518, 522 (8th Cir.1992).

■ In deciding the issue before it, this court has applied existing law. "[A] fundamental principle of our jurisprudence is that a court will apply the law as its exists when rendering its decision." *Hostler v. Groves,* 912 F.2d 1158, 1161 (9th Cir.1990), *cert. denied,* 498 U.S. 1120, 111 S.Ct. 1074, 112 L.Ed.2d 1180 (1991) (citations omitted). Therefore, the court is not aware of any procedural or legal shortcomings in this ruling.

### 5. Conclusion

Congress intended the EIC to be paid to an eligible taxpayer in the same way it refunds an overpayment of tax. Thus, in the bankruptcy case, an EIC is treated like a tax refund. Tax refunds in which a debtor has an interest as of the petition date are property of the estate. 11 U.S.C. § 541(a)(1). Therefore, Debtors' 1998 EIC refund is property of the estate. In accordance with this ruling, a separate judgment granting Trustee's motion for turnover of the income tax and EIC refunds shall be entered.

### JUDGMENT

The court, having considered the parties' pleadings and argument, the record, and the law in the matter of the Chapter 7 Trustee's motion for turnover and Debtors' objection thereto, and having filed a Memorandum Decision this day, now rules accordingly. It is HEREBY ORDERED that Trustee's motion is GRANTED. IT IS FURTHER ORDERED that Debtors shall turn over to Trustee their 1998 state and federal income tax refunds, including the EIC (earned income credit) portion of the federal tax refund.