**In re Brian Scott WEBB and Valerie Renee Webb, Debtors.**

**Bankruptcy No. 98–31106–JWV.**

United States Bankruptcy Court, W.D. Missouri, Southern Division.

May 25, 1999.

Norman E. Rouse, Joplin, MO, for debtor.

*MEMORANDUM OPINION AND ORDER*

JERRY VENTERS, Bankruptcy Judge.

The Debtors, Brian Scott Webb and Valerie Renee Webb ("the Debtors"), filed for protection under Chapter 7 of the Bankruptcy Code on December 14, 1998. This case comes before the Court at this junc-

ture on the Trustee's Motion for Turnover. The Trustee claims that the Debtors' tax refund of $5,863.05 from the 1998 tax year is property of the estate and subject to turnover, although the Debtors did not file their tax returns until sometime early in 1999. A brief hearing was held on this issue on May 20, 1999, at the Federal Courthouse in Joplin, Missouri. At the hearing, the Trustee and Counsel for the Debtors stipulated to all of the facts (i.e., the amount, when the return was filed, etc.) but took opposing positions on the legal issue of whether the tax refund received by the Debtors pursuant to a tax return filed post-petition constituted property of the estate.

The Court finds that in view of the relevant case law, the Trustee's position is essentially correct; the tax refund is property of the estate pursuant to 11 U.S.C. § 541 and is subject to turnover pursuant to 11 U.S.C. § 542. "It is well established that income tax refunds are property of the estate." *In re Ferns*, 232 B.R. 453 (Bankr.D.Ariz.1999) (citing *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974)). *See also, In re Goertz*, 202 B.R. 614 (Bankr.W.D.Mo. 1996). However, the amount of the refund that becomes property of the estate should be pro-rated to take into account the income generated by the Debtors post-petition. *See In re Whitmer*, 228 B.R. 841, 843 (Bankr.W.D.Va.1998). The Debtors filed for bankruptcy on December 14, 1998, so only 348/365ths, or 95% [1], of the total refund of $5,863.05 becomes property of the estate and is subject to turnover.

Therefore, it is

**ORDERED** that the Trustee's Motion for Turnover of the Debtors' 1998 tax refund be **GRANTED** to the extent of $5,589.98.

SO ORDERED.

---

[1] Figures rounded to the nearest hundredth.