**In re Chad Ray BEAGLE and Sara Beth Beagle, Debtors.**

**Bankruptcy No. 96–40316.**

United States Bankruptcy Court, N.D. Ohio.

Sept. 16, 1996.

Christopher P. Lacich, Toronto, OH, for debtors.

Andrew W. Suhar, Youngstown, OH, for trustee.

Donald M. Robiner, United States Trustee, Cleveland, OH.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause is before the Court on the Trustee's objection to certain exemptions, including an earned income credit, claimed by Debtors and on the response of Debtors to that objection. For the reasons set forth hereinafter, the Trustee's objection is sustained.

Debtors filed their petition for relief under Chapter 7 of Title 11, United States Code, on February 26, 1996. Schedule C to the petition made a claim for exemptions under West Virginia law. Debtors were at the time residing in Ohio and the West Virginia exemptions were not available to them. An amended Schedule C was filed with the Clerk on March 18, 1996. A meeting of creditors pursuant to 11 U.S.C. § 341 was held on April 9, 1996. Thereafter, on April 25, 1996, Debtors filed a second amended Schedule C which expanded the claimed exemptions and included a claim of exemption for an earned income credit received by Debtor Sara Beagle as a result of her filing a separate 1995 federal income tax return. The earned income credit was claimed as exempt pursuant to Ohio Revised Code § 2329.66(A)(9)(d) and (e). The Trustee objected to the claim of exemption and Debtors have responded to that objection. A hearing was held on the objection and the response on June 27, 1996. The issue is now before the Court for decision.

■ Congress created the earned income tax credit to give relief to low-income workers who had dependent children and who maintained a household. S.REP. No. 94–36, 94th Cong., 1st. Sess. 11 (1975) U.S.Cong. & Admin.News 54, 63. The vehicle Congress chose for getting these payments to the working poor was to treat the credits as though the recipient had overpaid his or her income taxes, thus creating a right to the refund of a hypothetical overpayment. The refund could then be claimed by using an earned income credit in the calculation of ones income tax liability. *Sorenson v. Secretary of Treasury,* 475 U.S. 851, 864, 106 S.Ct. 1600, 1608, 89 L.Ed.2d 855 (1986).

In *Sorenson,* the question was whether the earned income credit was subject to the later-enacted provision for the interception of tax refunds for recoupment of state welfare payments made to a family to which the taxpayer had failed to pay child support obligations. The argument in *Sorenson* was that the tax intercept law should be read narrowly to avoid frustrating the stated goal of the earned income credit program. The Court held that "[t]he ordering of competing social policies is a quintessentially legislative function." *Id.* at 865, 106 S.Ct. at 1609. The Court went on to state that Congress' failure to except earned income credits from the tax intercept law should not be changed by the courts. The Court's view on the issue of judicial activism in this manner finds its most recent origins in Justice Powell's dissenting opinion in *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). As Justice Powell explained:

> While "[i]t is emphatically the province and duty of the judicial department to say what the law is . . . ," it is equally—and emphatically—the exclusive province of the Congress not only to formulate legislative policies and mandate programs and projects, but also to establish their relative priority for the Nation. . . .

> Our individual appraisal of the wisdom or unwisdom of a particular course consciously selected by the Congress is to be put aside in the process of interpreting a statute. Once the meaning of an enactment is discerned and its constitutionality determined, the judicial process comes to an end.

*Cannon,* 441 U.S. at 744–45, 99 S.Ct. at 1982 (Powell, J., dissenting) (*quoting Tennessee Valley Auth. v. Hill,* 437 U.S. 153, 194–95, 98 S.Ct. 2279, 2302, 57 L.Ed.2d 117 (1978)). Since *Cannon,* other Justices have adopted Justice Powell's view on judicial activism and the separation of powers doctrine. This view gained majority support in *City of Milwaukee v. Illinois,* 451 U.S. 304, 101 S.Ct. 1784, 68 L.Ed.2d 114 (1981). *Sorenson* is yet another extension of those views.

Certainly Congress could have provided for exempting earned income credits in the hands of taxpayers from the reach of credi-

tors. *Sorenson,* 475 U.S. at 865, 106 S.Ct. at 1609. See also H.R.REP. No. 595, 95th Cong., 1st Sess. 360 for examples of pensions, wages and other payments specifically exempt under various federal statutes where a state has opted to have its exemptions apply. An additional basis for finding earned income credits exempt from the Trustee's claim may be found in state exemption laws where, as in Ohio, the legislature has determined to opt out of the exemptions provided in 11 U.S.C. § 522(d), substituting therefor exemptions provided under that forum's exemption scheme. See 11 U.S.C. § 522(b)(2)(A).

The United States Bankruptcy Court for the Southern District of Ohio found earned income credits exempt under former Ohio Revised Code § 2329.66(A)(9)(e), providing for the exemption of "poor relief payments" as exempted by former Ohio Revised Code § 5113.01 and as defined in Ohio Revised Code § 5113.02(A). *In re Murphy,* 99 B.R. 370 (Bankr.S.D.Ohio 1988). However, the Ohio exemption statute was amended, effective July 17, 1995, to eliminate the provision relied upon in *Murphy.* This reflects the General Assembly's repeal of Ohio Revised Code Chapter 5113, eliminating general assistance payments.

■ Viewed in this light, Debtors' claim of exemption under Ohio Revised Code § 2329.66(A)(9)(e) is unavailing as that section, on the date of Debtors' filing their petition, exempted disability assistance payments (exempted by Ohio Revised Code § 5115.07 and as defined in Ohio Revised Code § 5115.01(A)). The claim that the earned income credits may be exempt under § 2329.66(A)(9)(d) is likewise unavailing as that provides for the exemption of Aid to Dependent Children payments under Ohio Revised Code § 5107.12. The description of who is eligible for Aid to Dependent Children payments is found in Ohio Revised Code § 5107.03 and .031. The earned income credits do not come within those definitions. Additionally, Debtors point to *In re Goldsberry,* 142 B.R. 158 (Bankr.E.D.Ky.1992) as further authority. However, unlike Ohio, Kentucky has provided specifically for the exemption of "public assistance" payments. The repeal of Ohio Revised Code Chapter 5113 has effectively eliminated that avenue from our consideration.

■ In *In re Hurles,* 31 B.R. 179 (Bankr. S.D.Ohio 1983), the court found that a debtor's earned income tax credit was not property of the estate over which the trustee could make a claim. That decision relied on *In re Searles,* 445 F.Supp. 749 (D.Conn.1978). The *Hurles* decision, and *Searles* upon which it relied, is likewise unavailing to the Debtors because of Congress' adoption of 11 U.S.C. § 541 as part of the Bankruptcy Reform Act of 1978. P.L. 95–598, 92 Stat. 2549. That provision defines what constitutes property of the estate and includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The United States Supreme Court has held that the § 541(a)(1) definition of property of the estate was intended to be very broad and to include even property lawfully seized prior to debtors' filing of a petition. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Thus, absent a clear expression by Congress to the contrary regarding earned income credits, the Court must conclude that such a refund in the hands of Debtor, at the time the petition was filed or to which she was then entitled, may be property of a debtor's estate.

Several significant factual issues were not specifically set forth in the record in this proceeding. These include when Debtor Sara Beagle filed her 1995 federal return and thus became eligible for the earned income credits and when payment was actually received by her. Those issues may have significance in determining whether the funds received by her were property of the estate on the date her petition was filed. However, since those facts are not part of the record, the Court is left to speculate on those issues and declines to do so.

■ The question here is not where the earned income credit originates (as Congress has not chosen to make those funds exempt from the reach of the trustee) but rather whether those funds, once in the hands of the Debtor, are exempt from attachment. This is a question to be decided by applicable exemption law. The former Ohio Revised

Code § 2329.66(A)(9)(e) was an expression by the Ohio General Assembly of its intention that such payments would be exempt from attachment. The repeal of that section, whether or not specifically intended to do so, has the clear effect of eliminating a statutory provision on which this Court may rely in order to adopt the finding of *In re Murphy.* Leaving such payments subject to the satisfaction of general obligations of the recipient appears to be wholly at odds with Congress' intent in enacting the earned income credit program. However, absent a clear expression by Congress of its intent that such credits be exempt from the reach of creditors or the trustee and with no similar provision exempting the payments, when in the hands of the recipient, from the reach of creditors under applicable Ohio law, the Court finds no basis upon which to exempt the payments once in the hands of the recipient. If Debtor either had the funds on hand on the petition filing date or was then entitled to and later received the funds, the Court must conclude the payments were property of Debtor's estate. This decision is consistent with the position taken by my colleague Judge Marilyn Shea–Stonum in *In re Kurilich,* 199 B.R. 161 (Bankr.N.D.Ohio), decided August 16, 1996.

## CONCLUSION

For the reasons set forth hereinbefore, the objection of the Trustee to the claim of exemption of Debtor's earned income credits received pursuant to the filing of her 1995 federal income tax return is sustained.

**IT IS SO ORDERED.**