**In re Kathryn Linda McCOURT, Debtor.**

**and**

**In re Faith S. JOYNSON, Debtor.**

**Bankruptcy Nos. 96–59517, 96–58709.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

June 4, 1997.

Thomas McK. Hazlett, Kinder, Harper, Hazlett & Hinzey, St. Clairsville, OH, for Chapter 7 Trustee.

Andrew W. Miller, Steubenville, OH, for Debtors.

### OPINION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTORS' CLAIMS OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

These matters came on for hearing on April 18, 1997. In each case, Thomas McK.

Hazlett, the chapter 7 trustee, objected to the debtor's claimed exemption for an earned income credit. In both cases, the debtors' attorney claimed an exemption under Ohio Rev.Code § 2329.66(A)(9)(e). This Court recently determined that this provision which exempted certain "poor relief payments" was repealed effective July 17, 1995, and hence, is no longer available to the debtors. *In re Timothy W. Robinson, et al.,* case No. 96–57216 (Bankr.S.D.Ohio E.D. Mar. 25, 1997). At the hearing, however, the debtors' attorney advanced a somewhat new argument that the debtors' right to their earned income credits did not exist until after December 31, 1996, and, thus, cannot be included in their bankruptcy estates.[1] At the parties' request, the Court agreed to reserve its ruling to permit the filing of posthearing briefs. Those briefs have now been submitted, and the question is ripe for decision.

This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 157(a) and the General Order of Reference entered in this district. These are core matters which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A) and (B).

In an earlier unreported case, this Court held that an earned income credit was property of the estate. *In re Timothy W. Robinson, et al.,* Case No. 96–57216 (Bankr. S.D.Ohio E.D. Mar. 25, 1997) (citing *In re Beagle,* 200 B.R. 595, 597 (Bankr.N.D.Ohio 1996)). In *Beagle,* however, the debtors had filed their chapter 7 petition on February 26, 1996, and the earned income credit was as the result of their 1995 tax return. Judge Bodoh held "that such a refund in the hands of Debtor, at the time the petition was filed *or to which she was then entitled,* may be property of a debtor's estate." *Id.* (Emphasis added). Thus, the situation in the present cases may be distinguished from that in *Beagle* because the debtors in these cases filed their chapter 7 petitions in 1996, and their eligibility for earned income credits did not arise until they filed their 1996 federal tax returns.

The debtors, however, have not pointed to a single case decided under the Bankruptcy Code which has determined that such a credit would not be property of the estate under their circumstances. Instead, they continue to rely on *In re Searles,* 445 F.Supp. 749 (D.Conn.1978), a case decided under the Bankruptcy Act, and inexplicably assert that the definition of property under the Act was even broader than the present § 541 of the Bankruptcy Code. As for those later cases which have determined the earned income credit to be property of the estate, the debtors merely state that they are "fallacious decisions."

In fact, recent court opinions have overwhelmingly rejected the approach in *Searles* and included earned income credits as property of the estate under § 541. *In re Fraire,* 1997 WL 45465 (D.Kan. Jan.2, 1997) (citing *In re Goertz,* 202 B.R. 614 (Bankr.W.D.Mo. 1996); *In re George,* 199 B.R. 60, 61 (Bankr. N.D.Okla.1996); *In re Brown,* 186 B.R. 224 (Bankr.W.D.Ky.1995); *In re Goldsberry,* 142 B.R. 158, 159 (Bankr.E.D.Ky.); *In re Buchanan,* 139 B.R. 721 (Bankr.D.Idaho 1992); *Matter of Davis,* 136 B.R. 203 (Bankr. S.D.Iowa 1991)). In some of these cases, the debtors filed their petitions early in the year and their earned income credits were for the prior tax year, as in *Beagle.* In others, the circumstances surrounding the date of the bankruptcy and the relevant tax years were not clear. But, in at least one case, the debtors' bankruptcy filing occurred December 20, 1991, and their earned income credit was for tax year 1991. *Buchanan,* 139 B.R. 721. This situation, of course, is akin to the debtors' in this case.

*Davis* is perhaps the leading case on whether an earned income credit is property of the estate under § 541. In that case, the court described an earned income credit as a credit for low income workers who have dependent children and maintain a household. The credit is refundable as if it were a tax overpayment. 136 B.R. at 205. While an eligible taxpayer must file an income tax

---

1. Kathryn Linda McCourt filed her chapter 7 petition on December 16, 1996. Faith S. Joynson's chapter 7 filing occurred on November 18, 1996. Under 11 U.S.C. § 541, their bankruptcy estates consisted of "all legal or equitable interests ... in property as of the commencement of [their cases]."

return to receive the credit, *Davis* points out that such an individual may choose to receive *advance* payment of the credit from his or her employer. *Id.* (Emphases in original).

*Davis* also defined the breadth of § 541 as encompassing property necessary even for a debtor's "fresh start." *Id.* at 207. Because an individual who is eligible for an earned income credit must only file a tax return to receive it, and in some cases may even seek advance payment, the court concluded that the debtor clearly has an interest in the credit which is encompassed by § 541. *Id.* In contrast, what constituted "property" under § 70(a)(5) of the Bankruptcy Act depended upon whether the property was needed in order for the debtor to obtain a fresh start. *Id.* at 206 (citing *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)). Therefore, in that court's view, the analysis relied upon by *Searles* was superseded by the enactment of § 541. *Id.* at 207.

■ This Court, while acknowledging that these debtors' situation may be factually different from those in many of the other cases cited herein, can discern no legal basis for not treating their earned income credits as part of their bankruptcy estates. Even though their interests in the credits were not vested at the time their petitions were filed, these debtors clearly had an interest in the credits on their petition dates, albeit an interest that was perhaps defeasible should their eligibility change before the end of the tax year. Accordingly, the Court concludes, for each of the debtors, that the fraction of their income tax refund, as calculated by the dates of their bankruptcy filings, *is* property of the estate. In Ms. McCourt's case, that fraction is 351/366; while for Ms. Joynson, it is 323/366.

■ The debtors also belatedly sought to exempt their earned income credits pursuant to Ohio Rev.Code § 2329.66(A)(9)(d). This section exempts aid to dependent children payments as exempted under Ohio Rev.Code § 5107.12. Section 5107.12, in turn, applies to a specific governmental program, namely aid to dependent children which is administered by the Ohio Department of Human Services in accordance with Title IV–A of the Social Security Act, 42 U.S.C. § 301 *et seq* . As the

trustee points out in his memorandum, the right to an earned income credit is not based on those provisions but rather on the Internal Revenue Code. Thus, unlike more general exemptions provided by other states for payments to low income individuals, *cf. Goldsberry,* 142 B.R. at 159 (construing Kentucky Revised Statutes § 205.220(3) regarding exemption of public assistance benefits), the Ohio statute is not applicable to these debtors' situation.

For the foregoing reasons, the trustee's objections to the exemptions claimed by debtors Kathryn Linda McCourt and Faith S. Joynson are SUSTAINED.

**IT IS SO ORDERED.**