**In re Jan Becky MONTGOMERY, Debtor.**

**In re Danette Della WOOD, also known as DeeDee Anderson, Debtor.**

**In re Robert Owen SPARKS; and Kelley Renee Sparks, formerly known as Kelley Renee Sneed, Debtors.**

**In re Lolita Marie JONES, Debtor.**

**Robert L. BAER, Chapter 7 Panel Trustee, Appellant,**

**Darcy D. Williamson, Trustee for the Bankruptcy Estate of Lolita M. Jones, Plaintiff—Appellant,**

**v.**

**Jan Becky MONTGOMERY, Danette Della Wood, Robert Owen Sparks, and Kelley Renee Sparks, Appellees,**

**Lolita Marie Jones, Defendant—Appellee.**

BAP Nos. KS–97–080 to KS–97–083.
Bankruptcy Nos. 96–42363, 96–42362, 96–43110, and 96–42267.
Adversary No. 97–7047.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

April 21, 1998.

Darcy D. Williamson, pro se.

Jill A. Michaux of Neis & Michaux, P.C., Topeka, KS, for Appellees Robert Owen Sparks and Kelley Renee Sparks.

Larry E. Schneider, Topeka, KS, for Appellees Jan Becky Montgomery and Danette Della Wood and Defendant–Appellee Lolita Marie Jones.

Before McFEELEY, Chief Judge, BOHANON and CORNISH, Bankruptcy Judges.

## OPINION

McFEELEY, Chief Judge.

The matter presented on appeal rises out of two orders of the United States Bankruptcy Court for the District of Kansas denying turnover of Earned Income Credits. For the reasons set forth below, we conclude the decisions of the bankruptcy court must be reversed and the matters remanded for further proceedings.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158 (1994). No party to the present appeal has opted to have this appeal heard by the District Court for the District of Kansas. The parties are therefore deemed to have consented to jurisdiction of the Bankruptcy Appellate Panel. 10th Cir. BAP L.R. 8001–1(a).

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instruction for further proceedings. Fed. R. Bankr.P. 8013. "For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo* ), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood,* 487

Submitted on the briefs: *

John T. Houston of Cosgrove, Webb & Oman, Topeka, KS, for Appellant Robert L. Baer.

---

\* After examining the briefs and appellate record, this Court finds unanimously that oral argument would not materially assist in the determination of this appeal. Fed. R. Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore ordered submitted without oral argument.

U.S. 552, 558, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490 (1988).

## BACKGROUND

Four Chapter 7 cases presented similar issues to the Bankruptcy Court for the District of Kansas. The respective Debtors filed chapter 7 bankruptcy petitions in 1996.[1] No Debtor filed 1996 federal tax returns prior to or contemporaneous with filing for bankruptcy protection. In 1997, each Debtor timely filed for and received federal tax refunds for the 1996 tax year. Earned Income Credits (EICs) constituted a significant portion of the refunds.[2]

Trustee Williamson filed an adversary complaint against Debtor Jones seeking to recover a portion of the Debtor's federal tax refund attributable to the prepetition portion of the 1996 taxable year as well as costs and attorney fees.[3] Trustee Baer filed motions in the bankruptcy proceedings of Debtors Montgomery, Wood, and Robert and Kelley Sparks seeking similar *pro rata* recoveries, costs and fees. The bankruptcy court issued a consolidated order denying the adversary complaint and motions. In a subsequent proceeding *sua sponte,* the bankruptcy court ruled against the adversary complaint. Both Trustees now appeal.

An order procedurally consolidating the respective appeals was filed by this court. Whether EICs are property included in the bankruptcy estate is a question of law, and therefore the *de novo* standard of review applies.

## DISCUSSION

■ A recent decision of the District Court for the District of Kansas, sitting as an appellate court in bankruptcy, determined that EICs are property of the estate for the purposes of 11 U.S.C. § 541 (1994).[4] *In re Fraire,* No. 96–1241–JTM, 1997 WL 45465 (D.Kan. Jan. 2, 1997). In the cases underlying the present appeal, the Bankruptcy Court for the District of Kansas held *In re Fraire* inapplicable, concluding EICs do not accrue until the end of the tax year and therefore are "expectancies" beyond the reach of the trustee when the bankruptcy petition is filed before the end of the tax year. We do not agree.

The bankruptcy court's opinion is grounded in *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), and supported by *Hoffman v. Searles (In re Searles),* 445 F.Supp. 749 (D.Conn.1978). *Segal* concerned limitations placed on Section 70a(5) of the Bankruptcy Act.[5] Section 70a(5) demanded a generous definition of those interests constituting property of an estate in bankruptcy. The Supreme Court held those interests included all property interests reasonably regarded as having roots in the pre-bankruptcy past, as well as novel or contingent interests, and those interests the enjoyment of which

1. The Debtors' petitions were filed on the following dates:

 Debtor Jones filed on September 27, 1996;
 Debtor Montgomery filed on October 8, 1996;
 Debtor Wood filed on October 8, 1996; and
 Debtors Robert and Kelly Sparks filed on December 31, 1996.

2. The following represent the amount of the respective Earned Income Credits and the total federal tax refunds for each Debtor:

 | Debtor Jones | $ 3,479 | $ 3,790 |
 |---|---|---|
 | Debtor Montgomery | $ 2,118 | $ 2,543 |
 | Debtor Wood | $ 1,900 | $ 2,857 |
 | Debtors Robert and Kelly Sparks | $ 1,839 | $ 2,099 |

3. The adversary complaint sought $2,806.26, representing the prepetition portion of Debtor Jones' federal tax refund for 1996.

4. The *Fraire* decision also determined that EICs are not exempt from the bankruptcy estate under

either federal or Kansas state law. The exemption issue, however, is not before this Court.

5. Section 70a(5) of the Bankruptcy Act stated, in part:

 a. The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located ... (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered....

 Bankr.Act § 70, sub. a(5), 11 U.S.C. § 110(a)(5) (repealed 1978).

must be postponed. *Segal,* 382 U.S. at 380, 86 S.Ct. at 515. The loss-carryback refunds sought by the partners in *Segal* were determined to be postponed enjoyments sufficiently rooted in the pre-bankruptcy past and "so little entangled with the bankrupts' ability to make an unencumbered fresh start" as to qualify under section 70a(5) of the Act as retained prepetition interests of the estates in bankruptcy. *Segal,* 382 U.S. at 380, 86 S.Ct. at 515. In the cases underlying the present appeal, the bankruptcy court first distinguished *Segal,* reasoning that the partners had interests in the loss-carryback refunds only by virtue of having paid taxes the previous two years on profits offset by a loss in the third year. Drawing an analogy to the decision in *Segal,* the bankruptcy court found that, as the Debtors had not filed 1996 tax returns prior to filing their respective petitions for bankruptcy, no portion of the EICs accrued prior to the bankruptcy filings. However, the Supreme Court later held an individual need not necessarily have paid any tax to be eligible for EICs. *Sorenson v. Secretary of the Treasury of the United States,* 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986).

The bankruptcy court next looked to *Searles* for support of the "fresh start" maxim put forth by the Court in *Segal.* The district court held a qualifying individual may receive EICs only in the year following a year where the individual earns taxable income. In a situation where the individual files for bankruptcy, the court reasoned that EICs are a form of legislated social welfare, providing the individual with a "fresh start" necessary for the bankrupt in the post-bankruptcy year. *Searles,* 445 F.Supp. at 753. The bankruptcy court interpreted the holding to conclude that EICs are "refunds" not related to any property interest of the Debtors at the time of bankruptcy, and accruing only at the conclusion of the tax year. Finding the "fresh start" maxim an unstated though fundamental goal of the Bankruptcy Code, the bankruptcy court found EICs are "expectancies" accruable at the end of the tax year and payable in the year following bankruptcy if the Debtors meet certain qualifying standards. The bankruptcy court's reliance upon these conclusions is misplaced.

The Bankruptcy Act was repealed in favor of the modern Bankruptcy Code by the Bankruptcy Reform Act of 1978. Though the "fresh start" maxim rising from section 70a(5) of the Act may have been a fundamental consideration in the formation of the Code, we recognize the maxim to be a limited, and no longer a completely unencumbered, guiding principle. Unlike the Act, the Code requires that all property of the debtor, whether or not exempt, be included in the bankruptcy estate, mandating that an estate in bankruptcy comprise "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1994). Legislative history indicates section 541 is intended to be given a broad definition to include "all kinds of property, including tangible or intangible property, causes of action . . .", and all other forms of property specified in section 70a of the Bankruptcy Act. . . . [I]t includes as property of the estate all property of the debtor, even that needed for a fresh start." H.R.Rep. No. 95–595, at 367 (1977). Any conclusion that EICs are necessary or mandatory for a "fresh start" may be reasonably inferred under the Act, but is incorrect in light of the Code.

EICs are available to a limited number of taxpayers based on earnings and other criteria such as age, residency, and dependent status. 26 U.S.C. § 32 (1994). The Omnibus Budget Reconciliation Act of 1981 amended the Social Security Act by adding 42 U.S.C. § 664 (1994). In considering whether the intercept provision of section 664 [6] applied to

---

**6.** In summary, the intercept provision of section 664 requires the Secretary of the Treasury to withhold refunds if an individual owes delinquent child support payments and forward the refund to the state for distribution. 42 U.S.C. § 664(a)(1) (1994). In *Sorenson v. Secretary of the Treasury of the United States,* 752 F.2d 1433 (9th Cir.1985), *aff'd,* 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986), the plaintiff—appellant failed to make required child-support payments, and his former spouse then applied for state welfare benefits. A condition of the welfare program required applicants to assign to the state any rights to the delinquent child support payments. Subsequently, the plaintiff—appellant filed a federal tax return that included a

EICs, the Ninth Circuit found the Act mandated other changes to the Internal Revenue Code: classifying EICs as overpayments (26 U.S.C. § 6401(b) (1994)); permitting distribution of EICs in a manner similar to refunds of usual tax overpayments (26 U.S.C. § 6402(a) (1994)); and allowing intercept of any overpayment (26 U.S.C. § 6402(c) (1994)). *Sorenson v. Secretary of the Treasury of the United States,* 752 F.2d 1433 (9th Cir.1985), *aff'd,* 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986). As noted by the Ninth Circuit, Congress could have expressly excluded EICs from intercept or, in the alternative, not classified them as refunds. *Sorenson,* 752 F.2d at 1443. Melding the broad interpretation of section 541 together with the classification of EICs as refunds, most courts hold EICs are property of the estate in bankruptcy. *See In re Fraire,* No. 96–1241–JTM, 1997 WL 45465 (D.Kan. Jan. 2, 1997); *In re Goertz,* 202 B.R. 614 (Bankr. W.D.Mo.1996); *In re George,* 199 B.R. 60 (Bankr.N.D.Okla.1996).

The bankruptcy court in the cases underlying the present appeal determined EICs accrue only at the end of the tax year. This court concludes that qualifying individuals may request payment of EICs at the end of the tax year, or at any time during the tax year. The bankruptcy court in *In re Davis,* 136 B.R. 203 (Bankr.S.D.Iowa 1991), concluded an individual meeting the eligibility requirements of 26 U.S.C. § 32 (1994) is vested therein with a legal or equitable interest in EICs. *Davis,* 136 B.R. at 207. Neither possession nor constructive possession, either prior to or contemporaneous with the filing for bankruptcy protection, is required to vest an individual with a property interest in EICs. *Davis,* 136 B.R. at 205. Section 3507 of Title 26 [7] permits an individual to petition an employer during the tax year for an advance EIC. The self-certifying nature of EIC eligibility, springing from the plain meaning of section 3507, convinces us that Congress intended EICs to be available to qualifying individuals at any time during the tax year. As noted by the bankruptcy court, an individual electing to receive advance EICs could, in the remaining portion of the tax year, have a significant financial gain and therefore not be eligible for EICs at the end of the tax year. Mechanisms are provided in section 3507 to recover the advanced EICs.

## CONCLUSION

For the reasons stated herein, the orders and judgment of the United States Bankruptcy Court for the District of Kansas are REVERSED, and these matters are REMANDED for a determination of the amounts the respective Trustees are entitled to recover.

---

refund of EICs. The EICs were intercepted by the Secretary of the Treasury under section 664 and transferred to the state.

7. Section 3507 of the Internal Revenue Code states, in part:

(a) General Rule.—Except as otherwise provided in this section, every employer making payment of wages to an employee with respect to whom an earned income eligibility certificate is in effect shall, at the time of paying such wages, make an additional payment to such employee equal to such employee's earned income advance amount.

(b) Earned income eligibility certificate.—For purposes of this title, an earned income eligibility certificate is a statement furnished by an employee to the employer which—

(1) certifies that the employee will be eligible to receive the credit provided by section 32 for the taxable year,

(2) certifies that the employee has 1 or more qualifying children (within the meaning of section 32(c)(3)) for such taxable year,

(3) certifies that the employee does not have an earned income eligibility certificate in effect for the calendar year with respect to the payment of wages by another employer, and

(4) states whether or not the employee's spouse has an earned income eligibility certificate in effect.

26 U.S.C. § 3507 (1994).