In re Robin L. JOHNSTON, Debtor.

Robin L. JOHNSTON, Appellant,

v.

Thomas M. HAZLETT, Appellee.

BAP No. 98–8007.

United States Bankruptcy Appellate Panel
of the Sixth Circuit.

Submitted June 10, 1998.

Decided Aug. 6, 1998.

---

Andrew W. Miller, Steubenville, OH, on brief, for Appellant.

Thomas Hazlett, Kinder, Harper, Hazlett & Hinzey, St. Clairsville, OH, Chapter 7 Trustee.

Before BAXTER, LUNDIN, RHODES, Bankruptcy Appellate Panel Judges.

## OPINION

The Debtor, Robin L. Johnston, appeals the bankruptcy court's decision sustaining the Chapter 7 Trustee's objection to the Debtor's claimed exemption of a 1997 earned income tax credit ("EIC") and finding the EIC to be property of the bankruptcy estate. The Panel affirms.

## I. ISSUE ON APPEAL

Is an earned income tax credit property of the Debtor's bankruptcy estate when the bankruptcy petition is filed prior to the end of the tax year in which the EIC is earned?

## II. JURISDICTION AND STANDARD OF REVIEW

■ The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the BAP. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For the purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (citations omitted and internal quotations omitted). An order on an objection to a debtor's claim of exemption is a final, appealable order. *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 840 (6th Cir. BAP 1998).

■ The bankruptcy court's conclusions of law are reviewed de novo. *See Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir.1994). A de novo review allows the reviewing panel to look at the interpretation and application of relevant statutes independent of the determination of the bankruptcy court. *See National City Bank v. Elliott (In re Elliott)*, 214 B.R. 148, 149 (6th Cir. BAP 1997). In this matter, there is no factual dispute; the issue addresses a purely legal question. Accordingly, de novo is the appropriate standard of review.

## III. FACTS

The Appellant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 20, 1997. She listed on Schedule B an EIC for the 1997 tax year. She elected on Schedule C the entire EIC as an exempt interest pursuant to Ohio Revised Code § 2329.66(A)(9)(e). The Chapter 7 trustee filed "Trustee's Objection to Claimed Exemption and Motion for Sanctions." The bankruptcy court determined that the exemption claimed by the Appellant was not available because Ohio Revised Code § 2329.66(A)(9)(e) had been repealed effective July 15,1995. The court rejected the Appellant's additional argument that the EIC is not property of the estate since it was neither a legal nor equitable interest of the Debtor as of the commencement of the case.

## IV. DISCUSSION

■ The bankruptcy court properly held that the EIC is property of the bankruptcy estate since the Appellant had an interest in the property as of the time the bankruptcy petition was filed. In reaching this conclusion, the Panel joins the overwhelming majority of courts that have addressed the issue.

That an EIC is property of a bankruptcy estate is overwhelmingly supported in the case law. *See Baer v. Montgomery (In re Montgomery)*, 219 B.R. 913 (10th Cir. BAP 1998); *In re Fraire*, No. 96–1241–JTM, 1997 WL 45465 (D.Kan. Jan. 2, 1997); *In re McCourt*, 217 B.R. 998 (Bankr.S.D.Ohio 1997); *In re Barnett*, 214 B.R. 632 (Bankr. W.D.Okla.1997); *In re Beagle*, 200 B.R. 595 (Bankr.N.D.Ohio 1996); *In re Kurilich*, 199 B.R. 161 (Bankr.N.D.Ohio 1996); *In re Goertz*, 202 B.R. 614 (Bankr.W.D.Mo.1996); *In re George*, 199 B.R. 60 (Bankr.N.D.Okla. 1996); *In re Brown*, 186 B.R. 224 (Bankr. W.D.Ky.1995); *In re Goldsberry*, 142 B.R.

158 (Bankr.E.D.Ky.1992); *In re Buchanan,* 139 B.R. 721 (Bankr.D.Idaho 1992); *In re Davis,* 136 B.R. 203 (Bankr.S.D.Iowa 1991). *See also In re Richardson,* 216 B.R. 206 (Bankr.S.D.Ohio 1997).

The Appellant argues that she had no "legal or equitable interest" in the EIC at the commencement of the case and thus the EIC is not property of the estate under 11 U.S.C. § 541. The Appellant also asserts that to include the EIC as property of the estate violates the principle of a fresh start. The Appellant cites one case, *Hoffman v. Searles (In re Searles),* 445 F.Supp. 749 (D.Conn. 1978), to support her position. The *Searles* court found that EICs are not property of the estate pursuant to § 70a(5) of the Bankruptcy Act. *Id.* at 750.

*Searles* was decided under the Bankruptcy Act, the predecessor to the present Bankruptcy Code, and has been widely rejected by courts since the repeal of the Bankruptcy Act. *See Montgomery,* 219 B.R. at 916; *Fraire,* 1997 WL 45465 at *1. For example, the Tenth Circuit Bankruptcy Appellate Panel recently reversed a bankruptcy court holding that "EICs do not accrue until the end of the tax year and therefore are 'expectancies' beyond the reach of the trustee when the bankruptcy petition is filed before the end of the tax year." *Montgomery,* 219 B.R. at 915. The bankruptcy court had relied on the "fresh start" maxim, discussed in *Searles,* as support for its decision. *Montgomery* found this reliance misplaced:

> The Bankruptcy Act was repealed in favor of the modern Bankruptcy Code by the Bankruptcy Reform Act of 1978. Though the "fresh start" maxim rising from section 70a(5) of the Act may have been a fundamental consideration in the formation of the Code, we recognize the maxim to be a limited, and no longer a completely unencumbered, guiding principle. Unlike the Act, the Code requires that all property of the debtor, whether or not exempt, be included in the bankruptcy estate, mandating that an estate in bankruptcy comprise "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1994). Legislative history indicates section 541 is intended to be given a broad definition to include "all kinds of property, including tangible or intangible property, causes of action ..., and all other forms of property specified in section 70a of the Bankruptcy Act.... [I]t includes as property of the estate all property of the debtor, even that needed for a fresh start." H.R.Rep. No. 95–595, at 367 (1977). Any conclusion that EICs are necessary or mandatory for a "fresh start" may be reasonably inferred under the Act, but is incorrect in light of the Code.

*Id.* at 916 (alterations in original).

*Montgomery* held that under the Bankruptcy Code's inclusive definition of property, EICs constitute "property of the estate" pursuant to § 541(a). *Id.* at 913. *Montgomery* also relied on *Sorenson v. Secretary of the Treasury,* 752 F.2d 1433 (9th Cir.1985), *aff'd,* 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986), that there was no basis for treating EICs differently from a usual refund of tax overpayments.

EICs are available to a limited number of taxpayers based on earnings and other criteria such as age, residency, and dependent status. 26 U.S.C. § 32 (1994). The Omnibus Budget Reconciliation Act of 1981 amended the Social Security Act by adding 42 U.S.C. § 664 (1994). In considering whether the intercept provision of section 664 applied to EICs, the Ninth Circuit found the Act mandated other changes to the Internal Revenue Code: classifying EICs as overpayments (26 U.S.C. § 6401(b) (1994)); permitting distribution of EICs in a manner similar to refunds of usual tax overpayments (26 U.S.C. § 6402(a) (1994)); and allowing intercept of any overpayment (26 U.S.C. § 6402(c) (1994)). *Sorenson v. Secretary of the Treasury of the United States,* 752 F.2d 1433 (9th Cir.1985), *aff'd,* 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986). As noted by the Ninth Circuit, Congress could have expressly excluded EICs from intercept or, in the alternative, not classified them as refunds. *Sorenson,* 752 F.2d at 1443. Melding the broad interpretation of section 541 together with the classification

of EICs as refunds, most courts hold EICs are property of the estate in bankruptcy.

*Id.* at 916–17 (footnote and citations omitted). *Montgomery* also held that EICs are property of the estate under § 541, even when the bankruptcy petition is filed prior to the end of the tax year. "Congress intended EICs to be available to qualifying individuals at anytime during the tax year." *Id.* at 917. We agree with *Montgomery*.

## V. CONCLUSION

Accordingly, the decision of the bankruptcy court is **AFFIRMED.**[1]

---

**1.** No party challenged the bankruptcy court's fractional division of the entire tax refund, which includes the Debtor's earned income credit.