In re Francisco Xavier MEZA, and Carmen Perez Meza, Debtors.

Bankruptcy No. 98–09306–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 4, 1999.

Michael Barnett, Michael Barnett, P.A., Tampa, FL, for debtors.

Traci K. Strickland, St. Petersburg, FL, Chapter 7 Trustee.

David B. McEwen, David B. McEwen, P.A., St. Petersburg, FL, for trustee.

## ORDER ON TRUSTEE'S MOTION TO COMPEL TURNOVER OF 1998 IN-COME TAX REFUND (Doc. No. 28)

ALEXANDER L. PASKAY, Chief Judge.

This is the Chapter 7 case of Francisco Xavier and Carmen Perez Meza (Debtors). The Motion under consideration is a Motion to Compel Turnover of the Debtors' 1998 Tax Return, filed by Traci Strickland (Trustee). The Trustee seeks turnover of a pro-rated portion of the Debtor's 1998 income tax refund, including a pro-rata share of the Debtors' earned income credit ("EIC") for 1998. This Court reviewed the Trustee's Motion and the record, heard argument of counsel, and now finds as follows:

The Debtors' filed a Chapter 7 Petition on June 1, 1998. The Debtors' Chapter 7 case was closed on February 26, 1999. In 1999, the Debtors received an unscheduled income tax refund in the amount of $4,738.00 for the 1998 fiscal year. This $4,738.00 represented a refund due the Debtors for overpayment of federal income taxes in 1998, plus a "credit" based on the Debtors' entitlement to an EIC for the 1998 taxable year. In June 1999, the Trustee moved to reopen the case and compel turnover of a five-month pro-rated share of the 1998 refund totaling $1,968.40, as property of the estate.

As support for the proposition that the five-month EIC is property of the Debtors' bankruptcy estate, the Trustee relies on the blanket authority of a series of cases

that hold EIC is property of the estate, similar to an income tax refund, "sufficiently rooted in the prebankruptcy past." *See e.g., Kokoszka v. Belford,* 417 U.S. 642, 647, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) (citations omitted); *In re Trudeau,* 237 B.R. 803, 805 (9th Cir. BAP 1999); *In re Johnston,* 222 B.R. 552, 554 (6th Cir. BAP 1998). While this may be an accurate statement of the law relating to an "earned" EIC, there is a fundamental distinction between an earned EIC and the facts in this case, where the Debtors had no cognizable interest in the EIC at the commencement of this Chapter 7 case.

The right to an EIC is determined by 26 U.S.C. § 32. To qualify for an EIC under 26 U.S.C. § 32(c)(1), an individual must meet a two-prong test. To meet the first prong of this test, the individual must be married or head of a household. To meet the second prong of this test, the individual must have a child "with the same principal place of abode as the individual for more than one-half of the taxable year." Taxable year is defined in 26 U.S.C. § 32(e) as a period not less than twelve months. Thus, the plain language of the EIC Statute requires that a child live in the same household as the individual for six months as a prerequisite for eligibility.

It is undisputed that on June 1, 1998, the date the Debtors filed a Chapter 7 Petition, the Debtors' were ineligible for an EIC because the Debtors' child resided with them for only five months, one month short of the statutory prerequisite. Thus, the Debtors had no cognizable interest in the EIC at the time of filing. Because the Trustee may not assert greater rights than the Debtor has on the date of commence-- ment of a Chapter 7 case, the Trustee may not compel turnover of property the Debtor was otherwise ineligible to receive.

In view of the foregoing, this Court is satisfied that the Debtor did not have an interest in the EIC sufficient to qualify as property of the estate on June 1, 1998.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Motion to Compel Turnover of the Debtors' 1998 Income Tax Refund be, and the same is hereby, denied in part.

It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Motion to Compel Turnover of the pro-rata share of the 1998 Income Tax Refund attributable to overpayment of federal income tax is granted, and the Debtor shall remit this amount to the Trustee, payable over ten months following the date of this Order.

It is further

ORDERED, ADJUDGED AND DE-CREED that the portion of the Debtors' 1998 Income Tax Refund attributable to the Debtors' EIC is not property of the estate, and not subject to administration by the Trustee.