### In re Sonia TATUM–CHARLEMAGNE, Debtor.

#### No. 05–24920.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Sept. 14, 2006.

George W. MacDonald, Cleveland, OH, for Debtor.

### *MEMORANDUM OF OPINION AND ORDER*

RANDOLPH BAXTER, Chief Judge.

This matter before the Court is the motion of the Chapter 7 Trustee, Steven S. Davis (the *"Trustee"*) for an order requir-

ing Sonia Tatum–Charlemagne (the *"Debtor"*) to turnover certain non-exempt assets (the *"Motion"*). The Debtor opposes the Trustee's Motion.

The Court acquires core matter jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334 and General Order No. 84 of this district. Upon examination of the parties' respective briefs and supporting documentation, and after conducting a hearing on the matter, the following findings of fact and conclusions of law are hereby rendered:

*

On September 20, 2005, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the *"Bankruptcy Code"*) in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division.

The Trustee filed a Motion requesting an order requiring the Debtor to turnover certain non-exempt assets. Specifically, the Trustee seeks $3,290.00 which represents the prorated and non-exempt federal and state income tax refunds that were payable to the Debtor as of the petition date. The Trustee also requests that the Debtor be ordered to turnover her credit union and National City Bank statements as of September 20, 2005.

The Debtor filed an objection to the Motion on the basis that a portion of her federal income tax refund is exempt because of the earned income tax credit (*"EIC"*) and child tax credit (*"CTC"*). The Debtor argues that the aforementioned credits are equivalent to public assistance and are therefore entitled to a claim of exemption under Ohio law.

The Debtor filed a supplemental brief and amended her Schedule C (Property Claimed as Exempt) further adding the EIC and the CTC portions of her federal income tax refund. She asserts that the EIC and the CTC portions of her tax refund are exempt under the Ohio Rev.

Code § 2329.66(A)(11), in the amounts of $3,167.00 and $989.00, respectively.

* *

The dispositive issues are: (1) whether the subject Motion for Turnover serves as a sufficient objection contemplated by Bankruptcy Rule 4003(b) to the Debtor's list of exemptions, as amended and (2) whether the portions of the Debtor's federal income tax refund, designated as the earned income tax credit and the child tax credit, are exempt property.

* * *

The Trustee contends that the credit, which the Debtor claims as exempt, is property of the estate. He argues that the Debtor actually misconstrues applicable law as Ohio Rev.Code § 2329.66(A)(11) exempts assets related to various private support obligations, not public assistance programs. He asserts that the public assistance programs are addressed in Ohio Rev.Code § 2329.66(A)(9).

* * * *

The Debtor asserts that, of the $4,606.00 federal tax refund that she received, $3,167.00 represents the Debtor's EIC portion. She also asserts that the EIC is a federal benefit program for low wage earners with families, which is designed to assist individuals in supporting their families. In addition, the Debtor asserts that the CTC portion of her federal income tax refund, in the amount of $989.00, is a similar federal benefit designed to assist wage earners with their families. The Debtor argues that, because of its public assistance purpose, the EIC and the CTC are exempt pursuant to Ohio Rev.Code 2329.66(A)(11), as both credits provide maintenance to the extent reasonably necessary for support. The Debtor contends that her current combined monthly income of $1,813.00, as reported on Schedule J (Current Income of Individual Debtor), is insufficient to support the needs of her

family, which further supports her need and right to the federal benefits to assist with the care of her family.

\* \* \* \* \*

All property in which a debtor has a legal or equitable interest at the commencement of the case is included in the bankruptcy estate. *11 U.S.C. § 541.* Courts have determined that income tax refunds, including the EIC credit portion, are property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1). Section 541(a)(1) provides "all legal or equitable interests of the debtor in property as of the commencement of the case." *See Johnston v. Hazlett (In re Johnston),* 222 B.R. 552 (6th Cir. BAP 1998), *aff'd,* 209 F.3d 611 (6th Cir.2000); *In Baer v. Montgomery (In re Montgomery),* 219 B.R. 913 (10th Cir. BAP 1998), *aff'd,* 224 F.3d 1193 (10th Cir.2000); *In re McCourt,* 217 B.R. 998 (Bankr.S.D.Ohio 1997); *In re Kurilich,* 199 B.R. 161 (Bankr.N.D.Ohio 1996). A debtor, however, may exempt certain property from the bankruptcy estate pursuant to § 522 of the Bankruptcy Code. Section 522(b) provides:

(b)(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (2) and the other debtor elect to exempt property listed in paragraph (3) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (2), where such election is permitted under the law of the jurisdiction where the case is filed.

(2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

*11 U.S.C. § 522(b)(1) and (2).* Under the Bankruptcy Code, either the applicable state or the federal exemptions may be selected pursuant to § 522 of the Bankruptcy Code unless a state chooses to "opt out" of the federal exemption scheme. *See 11 U.S.C. § 522(b)(1).* The Ohio General Assembly "opted out" by enacting Ohio Rev.Code 2329.662. Hence, Ohio debtors are required to use the exemptions provided by Ohio Law.

▪ A debtor may amend the list of property claimed exempt at any time prior to the bankruptcy case being closed. *See FED. R. BANKR. P. 1009.* Specifically, Bankruptcy Rule 1009 provides:

(a) General Right to Amend. voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby.

*FED. R. BANKR. P. 1009(a).* Section 522(1) provides: "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." *11 U.S.C. 522(1).* Rule of 4003(b) provides the time limit for filing an objection to a debtors claimed exemptions:

A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for

filing objections if, before the time to object expires, a party in interest files a request for an extension. Copies of the objections shall be delivered or mailed to the trustee, the person filing the list, and the attorney for that person.

FED. R. BANKR. P. 4003(b). Therefore, in order for an objection to an amended exemption schedule to be considered timely, it must be filed within 30 days after the filing of the amendment. *Id.* The deadlines addressed under Bankruptcy Rule 4003(b) "prompt parties to act and they produce finality." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor*, the Supreme Court established the bright line rule that unless an objection is timely filed, an exemption is valid even though it may have no legitimate basis. 503 U.S. at 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280.

Absent an objection to the debtor's claim of exemption(s), the property is deemed exempt. If a party in interest does object to a debtor's claim of exemption, Bankruptcy Rule 4003(c) provides:

> In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

FED. R. BANKR. P. 4003(c). Therefore, in order to oppose a debtor's claimed exemptions a party in interest must file an objection within the appropriate time frame.

 The burden of proof is upon the objecting party. Herein the Trustee bears the burden. That burden is to be established by a preponderance of the evidence. *See In re Hamo*, 233 B.R. 718 (6th Cir. BAP 1999); *In re Hoppes*, 202 B.R. 595 (Bankr.N.D.Ohio 1996).

 The threshold issue before the Court is whether the subject Motion for Turnover serves as a sufficient objection contemplated by Bankruptcy Rule 4003(b)

to the Debtor's list of exemptions, as amended. Some court's have found that a trustee's motion to compel debtor's turnover of property, to be a sufficient objection to the debtor's claim of exemption. *Young v. Adler (In re Young)*, 64 B.R. 611 (E.D.La.1986), opinion aff'd, *In re Young*, 806 F.2d 1303 (5th Cir.1987) (overruled on other grounds by, *In re Orso*, 283 F.3d 686 (5th Cir.2002)); *Liberty State Bank and Trust v. Grosslight (Matter of Grosslight)*, 757 F.2d 773 (6th Cir.1985) (joint creditor's filing of adversary proceeding for lifting of automatic stay will be treated as objection to exemption of entireties property, since failure to file objection resulted from an excusable uncertainty as to proper procedure and filing of adversary proceeding met procedural concerns); *In re Stanley*, 143 B.R. 900 (Bankr.W.D.Mo.1992) (Bank's failure to file formal objection to debtor's claimed homestead exemption is not fatal since the debtor and her attorney were aware that the exemption was at issue and the bank's motion for relief from stay was sufficient to constitute objection to debtor's homestead exemption); *In re Starns*, 52 B.R. 405, 411 (S.D.Tex.1985) (creditor's motion for relief from stay filed prior to first meeting of creditors operates as timely objection to claim of exemptions even though creditor did not file objection to claim of exemptions within time limit established by Bankruptcy Rule 4003(b)). Other courts, however, have held that a prior turnover motion by a trustee was not the equivalent of an objection to exemption. *In re Indvik*, 118 B.R. 993, 1001 (Bankr.N.D.Iowa 1990)(creditors, who initially filed objections to debtors' claimed exemptions in limited number of items before debtors converted from Chapter 12 to Chapter 7 but who failed to file objections to additional items within the 30 day time limit, did not timely object to additional items); *In re Snyder*, 215 B.R. 477, 478 (Bankr.W.D.Okla.1997) (a creditor's objec-

tion to a lien avoidance motion could not be deemed an objection to exemptions contemplated by Bankruptcy Rule 4003(b)). This Court finds the majority view persuasive.

█ The purpose of the 30–day requirement outlined in Bankruptcy Rule 4003(b) is to insure timely notice to a debtor that there is an objection to their claimed exemptions. *In re Brayshaw,* 110 B.R. 935 (D.Colo.1990), *aff'd,* 912 F.2d 1255 (10th Cir.1990). Thusly, although the Trustee's Motion is not formally styled as an objection to exemption, it comprises a sufficient basis for an objection and gives the Debtor and interested parties timely and sufficient notice for purposes of Bankruptcy Rule 4003(b). Thusly, the subject Motion adequately provides the Debtor with written and timely notice of the Trustee's intent to object to her claimed exemption of the EIC and will be construed as an objection to the claimed exemption.

## A. Earned Income Credit

█ The Trustee objects to the Debtor's claim amount of $3,167.00 representing the EIC portion of her federal income tax refund. The basis for the Trustee's objection is that Ohio Rev.Code § 2329.66(A)(11), the section in which the Debtor asserts exemption, exempts various private support obligations, not public assistance programs such as the EIC.

The Debtor, herein, claimed an exemption in the EIC and the CTC portion of her federal income tax refund pursuant to Ohio Rev.Code § 2329.66(A)(11). Section 2329.66(A)(11) provides in relevant part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

\* \* \* \* \* \*

(11) The person's right to receive spousal support, child support, an allowance,

or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents;

OHIO REV. CODE ANN. § 2329.66 (West 2006).

The purpose the EIC is provided under 26 U.S.C. § 32, which provides:

(a) Allowance of credit.—

(1) In general.—In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the credit percentage of so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount.

\* \* \* \* \* \*

(c) Definitions and special rules.—For purposes of this section—

(1) Eligible individual.—

(A) In general.—The term "eligible individual" means—

(i) any individual who has a qualifying child for the taxable year, or

(ii) any other individual who does not have a qualifying child for the taxable year, if—

(I) such individual's principal place of abode is in the United States for more than one-half of such taxable year,

(II) such individual (or, if the individual is married, either the individual or the individual's spouse) has attained age 25 but not attained age 65 before the close of the taxable year, and

(III) such individual is not a dependent for whom a deduction is allowable under *section 151 to* another taxpayer for any taxable year beginning in the same calendar year as such taxable year.

*28 U.S.C. § 32(a)(1) and (c)(1).* The Supreme Court in *Sorenson v. Secretary* discussed the Congressional purpose of the EIC concluding that:

> The earned-income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices. Each is an undeniably important objective. It is impossible, however, for us to say that these goals outweigh the goals served by the subsequently enacted tax-intercept program-securing child support from absent parents whenever possible and reducing the number of families on welfare.

475 U.S. 851, 863–865 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986).

Herein, the Debtor argues that many states exempt "public assistance" or "general assistance" benefits, which have included the EIC. *See e.g. Flanery v. Mathison,* 289 B.R. 624 (W.D.Ky.2003) (EIC exempt under Kentucky law as being in nature of "public assistance" benefit); *In re Brown,* 186 B.R. 224 (Bankr.W.D.Ky. 1995) (EIC exempt as "public assistance" under Kentucky law); *In re Longstreet,*

246 B.R. 611 (Bankr.S.D.Iowa.2000) (exempt under Iowa law that provided for debtor's interest in "any public assistance benefit" was broad enough to apply to Chapter 7 debtors' interest in federal earned income credit); and *In re Fish,* 224 B.R. 82 (Bankr.S.D.Ill.1998) (exempt as public assistance benefits under Illinois law). Notably, Ohio law previously provided for exempting "general assistance" benefits, which courts have interpreted to include EIC; however, that particular portion of the Ohio Rev.Code § 2329.66(A)(9)(e) was repealed and replaced with a chapter entitled "Disability Assistance.[1]" *See e.g., In re Murphy,* 99 B.R. 370 (Bankr.S.D.Ohio 1988) (EIC exempt as "poor relief payments" defined as "general assistance" under by Ohio Rev. Code § 2329.66(A)(9)(e), later repealed); *But see, In re Beagle,* 200 B.R. 595 (Bankr.N.D.Ohio 1996) (determined that the repeal of Ohio Rev.Code § 2329(A)(9)(e) eliminated a statutory provision in which to adopt the findings of *In re Murphy*). Therefore, the aforementioned cases do not apply to the facts of this case because of the repeal of the general assistance provision of the Ohio Revised Code.

The Debtor is seeking to exempt both the EIC and CTC portion of her federal income tax refund under Ohio Rev.Code § 2329.66(A)(11). The Debtor argues that

---

1. O.R.C. § 2329.66(A)(9)(e) prior to its repeal stated that:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

\* \* \* \* \* \*

(9) The person's interest in:

\* \* \* \* \* \*

(e) Poor relief payments, as exempted by § 5113.01 of the Revised Code.
*Ohio Rev. Ann. Code § 2329.66(A)(9)(e)* (West 1989).
Section 5113.01 of the Ohio Revised Code defined "poor relief" as "general assistance"

which was then defined by Ohio Rev.Code § 5113.02 as:

a program that provides financial assistance and general assistance, medical assistance to persons who are ineligible for public assistance programs that are supported in whole or in part by federal funds and who meet the eligibility requirements for general assistance set forth in rules adopted by the Department of Human Service under § 5113.06 of the Revised Code. *Ohio Rev. Ann. Code § 5113.02* (West 1989), *repealed by* 146 v H249, § 2 (July 17, 1995).

the EIC is intended to be in the nature of support for low income families, and falls within the meaning of "the person's right to ... child support, an allowance, or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents" as used in Ohio Rev.Code § 2329.66(A)(11). This argument has been addressed and rejected by this Court in *Kandel v. Papai (In re Papai)*, Nos. 97–600335, 97–6094, 1997 WL 840293, Williams, J. (Bankr.N.D.Ohio. 1997). Therein, the Court held that the EIC is "property of the estate, which may not be withheld from the grasp of the trustee in bankruptcy." *Id.* The Court concluded that "absent some clear expression by the Ohio General Assembly that refunds to debtors in bankruptcy which are attributable to the earned income tax credit are exempt," the Court could not conclude that the EIC were funds that qualified as "support" or "maintenance" thereby making it exempt under Ohio law. *Id.*

Considering that the applicability of Ohio Rev.Code § 2329.66(A)(11) has been previously construed by this Court, said statute is inapplicable to the facts of this case. Therefore, the EIC is non-exempt property of the Chapter 7 bankruptcy estate.

**B. Child Tax Credit**

 The Debtor also requests that this Court find that the CTC portion of her federal income tax refund is exempt, in the amount of $989.00 pursuant to Ohio Rev. Code § 2329.66(A)(11). The Trustee's brief in support of his Motion and in opposition to the Debtor's exemptions does not address the Debtor's claimed exemption as it relates to the CTC portion of her federal income tax refund. The Debtor originally raised her claim to the CTC as exempt property of the bankruptcy estate in her objection to the Motion and eventually in her amendment to Schedule C (Property

Claimed as Exempt). Therefore, the Trustee had notice that the Debtor was claiming the CTC portion of her federal income tax refund as exempt pursuant to Ohio Rev.Code § 2329.66(A)(11). Failure to object to the property claimed as exempt on Schedule C is exempt. *See 11 U.S.C. § 522(1); FED. R. BANKR. P. 4003(b); Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Thusly, because of the Trustee's failure to object to the Debtor's claimed exemption of the CTC in the amount of $989.00, it is hereby exempt.

The Debtor is hereby ordered to turnover to the Trustee forwith the non-exempt, prorated portion of the federal and state income tax refunds. Without opposition, the Trustee's Motion for Turnover of the Debtor's account statements from the Debtor's credit union and from National City bank is hereby granted.

**CONCLUSION**

Accordingly, as determined herein, the Trustee's Motion for turnover is hereby granted, in part, and is hereby denied, in part. The Debtor's Objection is hereby sustained, in part, and is overruled, in part. Each party is to bear its respective costs.

**IT IS SO ORDERED.**